## GEORGE BAREN
### V.
## JOHN CAIN.

1. BAILMENT—ASSUMPSIT.—For a breach of a contract of gratuitous bailment, an action of assumpsit will lie. Where a horse was loaned without compensation, to a party, and while in his possession received injuries from which he died, and the bailor brought an action before a justice of the peace, based on a demand for $150, and the bailee appealed to the circuit court, where the suit was taken from the jury and dismissed for want of jurisdiction and judgment rendered against the bailor for costs. *Held*, that this was error. A justice of the peace, and therefore the circuit court, had jurisdiction (R. S. Ch. 79, § 13).

2. NEGLIGENCE—BURDEN OF PROOF.—Where goods when placed in the hands of a bailee are in good condition, and when they are returned are in a damaged condition, or are not returned at all, the law will presume negligence on the part of the latter and impose upon him the burden of showing that he exercised such care as was required by the bailment.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed October 3, 1884.

Messrs. SIBLEY, CARTER & GOVERT, for appellant

Messrs. BONNEY & WOODS, for appellee.

DAVIS, J. This was a suit brought by appellant before a justice of the peace on a demand of $150, and after a trial and judgment against appellee, an appeal was taken to the circuit court.

In that court appellant, by his witnesses, established the following facts: He was the owner of a young horse, and appellee, who was a sewing machine agent and a neighbor, applied to him to borrow a horse for the purpose of hauling sewing machines around the country a little and to go to Quincy. Appellant loaned the horse to appellee for such purpose on the 19th day of March, 1883, and was to receive no compensation for the use of the horse. Appellee was to have the use of the horse until plowing time, at which time appellant would want him for his own use. Appellee took

the horse and put him in his stable, and a few days afterward the horse came home badly hurt. The horse had been tied to the gate of appellee's premises and had jumped upon the pickets of the gate, and was so badly injured that he died shortly afterward.

When appellant had introduced all his testimony to the jury and had rested his case on such testimony, appellee, by his counsel, moved the court to dismiss the suit on the ground that the court had no jurisdiction of the subject-matter of the suit. The court sustained the motion and dismissed the suit, and rendered a judgment against appellant for costs of suit.

To reverse the judgment this appeal was taken by appellant, and the errors assigned are that the court erred in sustaining the motion to dismiss the suit for want of jurisdiction, in dismissing the suit, and in rendering judgment against appellant for costs of suit. These errors, we think, are well assigned. The evidence established a contract of gratuitous bailment. A bailment is defined to be a delivery of goods, in trust, on a contract, express or implied, that the trust shall be duly executed, and the goods re-delivered as soon as the time or use for which they were bailed shall have elapsed, or be performed. Jones on Bailment, 117. For the breach of such a contract, it seems an action of assumpsit will lie. Chitty in his work on Pleading, Vol. 1, page 102, lays down the rule that assumpsit will lie against attorneys and solicitors, wharfingers, surgeons, innkeepers, carriers and other bailees, for neglect and other breach of duty. The same author, in the same work, Vol. 1, page 99, says: "The breach of all parol or simple contracts, whether verbal ·or written, or express or implied, or for the payment of money, or for the performance or omission of any other act, is remediable by action of assumpsit."

In notes to section 3 of Story on Bailment, page 6, the author, after citing numerous cases, says: "And so a bailee being trusted with another man's goods must be taken to be a sufficient consideration *if the bailee once enters upon the trust and takes the goods into his possession.*" And further he says: "The modern cases of Whitehead v. Greetham, 1

Baren v. Cain.

McClel. & Younge, 205, etc., etc., seems fully to sustain the doctrine that a delivery of the thing bailed is a sufficient consideration to support an action of assumpsit in cases of this sort." And again he says: "In respect to the form of action it seems that in most if not in all cases of bailment, the bailor has his election of a remedy against the bailee for negligence, misfeasance, or tort, either by an action on the case, or of assumpsit."

Section 13 of Chapter 79 of Revised Statutes, page 692, provides that justices of the peace shall have jurisdiction in actions arising upon contracts, whether under seal or not, express or implied, for the recovery of money only. The sixth clause of the same section provides that justices of the peace shall have jurisdiction in all cases where the action of debt or assumpsit will lie, if the damages claimed do not exceed two hundred dollars.

Where goods when placed in the hands of a bailee are in good condition, and when they are returned in a damaged state, or not returned at all, in an action by the bailor against the bailee the law will presume negligence on the part of the latter, and impose upon him the burden of showing that he exercised such care as was required by the bailment. Funkhouser v. Wagner, 62 Ill. 59.

While it seems that negligence on the part of the bailee will be presumed in such a case by the non return of the property bailed, yet really in the case before us the question was not fully presented, for the case was taken from the jury and submitted to the court on the single question of jurisdiction over the subject-matter of the suit. We think the justice of the peace, and therefore the circuit court, had jurisdiction of the case, and it was error for the court below to take it from the jury and dismiss it and render judgment against appellant for costs of suit.

The judgment must therefore be reversed and the cause remanded.

Judgment reversed.