# ILLINOIS AGRICULTURAL COMPANY
## v.
## J. CRANSTON ET AL., HIGHWAY COMMISSIONERS.

*Action against Highway Commissioners—Extent of Recovery—Instructions—Practice—Motion to Exclude Plaintiff's Evidence.*

1. In an action against Highway Commissioners to recover damages resulting from acts done in their official capacity, the plaintiff can not recover against one of the defendants for an act done in his personal capacity, and not directed or assented to by the Board.

2. Where the evidence was conflicting and the case was properly presented to the jury, this court will not disturb the verdict.

3. The trial court may properly refuse to give a large number of unobjectionable instructions where the case only requires a few clear and brief ones.

4. After a motion to exclude the plaintiff's evidence has been overruled in part, the defendant may be permitted to introduce evidence in defense.

5. This court will not interfere with the judgment of the court below, unless it clearly appears that substantial error has been committed, to the injury of the appellant.

[Opinion filed August 26, 1886.]

APPEAL from the County Court of Champaign County ; the Hon. J. W. LANGLEY, Judge, presiding.

Messrs. E. L. SWEET, F. M. WRIGHT and GERE & BEARDSLEY, for appellant.

Mr. J. L. RAY, for appellee.

*Per Curiam.* The cause of action alleged here was that the defendants in their official capacity as Highway Commissioners, so wrongfully and negligently graded and ditched certain highways as to divert improperly the surface and rain water, etc., upon the lands of the plaintiff, causing the same to flow in a direction and with a force different and greater than it would otherwise have done, whereby the plaintiff was damaged, etc.

Ill. Agricultural Co. v. Cranston et al.

One question of some difficulty and upon which complaint is now made as to the ruling of the court is, whether the plaintiff can recover against one of the defendants for an act of the nature set out in the declaration, but not done in his official capacity, nor recognized nor approved by the others, or either of them.

The trial court held that no recovery could be had for any such act not concurred in by a majority of the defendants, and that only those so concurring in and responsible for the act could be made liable. The question is not wholly free from doubt, but we are disposed to agree with this view.

The declaration seems to have been framed for the purpose of testing the liability of defendants for acts done by them in their official capacity. It would not be competent, under such a declaration, to recover against one alone for an act done in his personal capacity not directed or assented to by the Board. It is, of course, true that in actions for tort the verdict may be against a part or all of the defendants, but it must appear that those who are convicted are guilty of the act set out in the declaration, or so much of it as will be necessary to constitute a cause of action.

Upon the main question whether the plaintiff was injured as alleged by the act of defendants there was conflict in the testimony. We see no sufficient reason for saying the verdict, which was for the defendants, is against the evidence.

The instructions given by the court stated the law with sufficient accuracy, and while a great number asked by the plaintiff were refused, to some of which no particular objection can be urged, yet we find that in those given was laid down all that was necessary to advise the jury of the legal principles involved. It would have been unwise to give all the instructions, twenty-eight in number, asked by the plaintiff, if they had all been good. A few clear, brief propositions were all the case required. Sundry exceptions were saved to the rulings of the court during the trial.

Among others now urged is that the defendants having moved to exclude the evidence of plaintiff, and being overruled, were permitted to offer testimony in defense. Strictly

speaking, the motion which was interposed at the close of plaintiff's case was to exclude certain items of the plaintiff's evidence and to make it broad enough to cover what he was endeavoring to indicate. Counsel said he would move to exclude all. Pending the argument, plaintiff amended the declaration and the court excluded some of the evidence, but denied the motion as to the residue, and permitted defendants to proceed with their defense. Even if the motion can be considered as an oral demurrer to the evidence we hold the court might, in its discretion, have allowed the defense to be made. Other objections have been argued which we deem it not necessary to refer to in detail. The case mainly depended upon questions of facts which were examined very fully before the jury, and unless it were quite clear that substantial error had been committed to the prejudice of the appellants this court ought not to interfere.

The judgment will be affirmed.

*Affirmed.*