Browning and others vs. The Goodrich Transportation Co.

BROWNING and others, Respondents, vs. THE GOODRICH
· TRANSPORTATION COMPANY, Appellant.

*December 3 — December 16, 1890.*

CARRIERS; CONTRACTS LIMITING LIABILITY. (*1, 2*) *Failure to deliver: Burden of proof: Negligence.* (*3*) *Contract inuring to benefit of connecting carriers: New contract by them.* (*4*) *Evidence: Immaterial error.*

1. A carrier received goods under a contract relieving it from liability "for the dangers of navigation, fire, collision, or delivery, except to land goods on dock or pier." In an action to recover the value of the goods, it appearing that they were never delivered to the consignee, the burden of proof was upon the carrier to show that they were landed on the dock or pier at their destination.

78   391
97    38

78     391
s10 LRA  415
34 LRA 138n
44 LRA 515n
56 LRA 884n

2. The non-delivery of the goods to the consignee — the circumstances of their loss being unexplained — is presumptive evidence of negligence on the part of the carrier.

3. The receipt given by a carrier for goods contained restrictions upon its liability, and provided that the same should inure to the benefit of any connecting carrier. A connecting carrier, on receiving the goods, gave to the first carrier a receipt containing different provisions. *Held*, that the liability of the connecting carrier for the loss of the goods depended upon the terms of the latter receipt, and it could not avail itself of the provisions of the former one.

4. Where the value of goods was fixed by a stipulation, and their identity was established by competent evidence, the improper admission of other evidence as to value and identity was an immaterial error.

APPEAL from the Circuit Court for *Milwaukee* County. This action is to recover the value of a box of clothing. It was proved on the trial that the plaintiffs delivered the box to the Baltimore & Ohio Express Company, at New York, consigned to themselves at Milwaukee, to be shipped by that company to Chicago, and there delivered to a connecting carrier for transportation to its destination; and that the box was delivered by the express company, at Chicago, to the defendant, the *Goodrich Transportation Company* (a common carrier for hire between these points), for that purpose. The transportation company thereupon delivered to the express company this receipt:

OWNER'S RISK.

CHICAGO, Oct. 12th, 1887.

Received from B. & O. Ex., condition and contents unknown, the following articles, to be forwarded as addressed below. At owner's risk damage or shortage.

Marks: }              Articles,
Browning, King & Co. }
Milwaukee, Wis. }    1 Box Dry Goods, 144 lbs.

Chicago, Oct. 12th, 1887. Received for shipment subject to following conditions; no liability for the dangers of navigation, fire, collision, or delivery, except to land goods on dock or pier.

GOODRICH TRANSPORTATION CO.

This receipt is designated in the record as "Exhibit A." The value of the contents of the box was stipulated by counsel to be $231.

The only question of fact litigated on the trial upon which there was any conflict of testimony was, Did the transportation company deliver the box, either to the plaintiffs or to one Stoltz (admitted to be their agent), or to his servants? This question was submitted specially to the jury, who answered it in the negative. There was no other verdict except a formal finding of value at the stipulated sum. Hence, to the foregoing statement of facts proved on the trial there must be added the further fact that the transportation company never delivered the box to the plaintiffs.

The rulings of the court on objections to the admission of testimony are sufficiently stated in the opinion. A motion on behalf of defendant for a new trial was denied, and judgment entered for plaintiffs for the stipulated value of the contents of the box, together with interest and costs. The defendant company appeals from the judgment.

For the appellant there was a brief by *Van Dyke & Van Dyke*, and oral argument by *G. D. Van Dyke.*

For the respondents there was a brief by *Stark & Sutherland*, and oral argument by *Geo. E. Sutherland.*

Lyon, J. The pleadings, the undisputed evidence, and the special verdict establish the facts that the transportation company received the box of clothing in controversy at Chicago for shipment to Milwaukee, and failed to deliver the same to the plaintiffs, who were the owners and consignees thereof; also that the value of the contents thereof was $231. On these facts, were there no special contract restricting the liability of the transportation company for the loss of the box, there can be no doubt of the right of the plaintiff to recover such stipulated value. But counsel for the transportation company contend that the receipt given for the box at Chicago, by the transportation company, restricts its liability. Undoubtedly that receipt con-

tains the contract of shipment between these parties, and the whole of it, and both parties are bound by it unless it contravenes some established public policy. There is no claim that it does so. This contract relieves the transportation company from liability "for the dangers of navigation, fire, collision, or delivery, except to land goods on dock or pier." The argument is that, under the contract, mere non-delivery of the box to the plaintiffs or their agent does not give a right of action, but that a failure by the company to land the goods on dock or pier is essential to such right. Assuming that this position is well taken (as it probably is), the burden is upon the company to show that the box was so landed. We find no testimony in the record tending to show that the box was removed from the vessel on which it was carried to Milwaukee. All that the bill of exceptions contains on the subject is the statement that the defendant gave testimony on the trial " tending to prove the receipt of the box in Milwaukee, and that it had delivered it to said Stoltz; and upon this question each side produced a number of witnesses." Certainly these statements do not show that any testimony was given tending to prove the box was ever landed from the vessel. Unless, therefore, some material error intervened in the rulings of the court on the trial, the judgment is correct.

The judgment may also be upheld on other grounds. The contract of carriage in Exhibit A contains no express stipulation relieving the transportation company from liability for its own negligence, and the non-delivery of the box to plaintiffs — the circumstances of the loss thereof being unexplained — is presumptive evidence of negligence on the part of the transportation company. It was so held in *Black v. Goodrich Transp. Co.* 55 Wis. 319, where the question is fully discussed in the opinion by Mr. Justice TAYLOR, and many cases cited. Such is the settled law of this state.

Some exceptions were taken to the rulings of the court
on the trial. Such of them as are deemed material will
now be considered. The shipping receipt given by the
Baltimore & Ohio Express Company for the box in ques-
tion, at New York, contained provisions relieving that com-
pany from liability for loss or damage thereto occurring in
a variety of ways not necessary to be here enumerated, and
restricting its liability to loss or damage caused by its own
fraud or gross negligence, and to $50 in case it should be
held liable for any such loss or damage. It also contained
a stipulation that all the terms of the contract should ex-
tend to and inure to the benefit of any other carrier to
whom the box might be delivered for shipment to its des-
tination. This of course includes the defendant company.
It is claimed that the stipulations in such shipping receipt
operate to limit the recovery in this action to $50. The
difficulty with this proposition is that the contract evi-
denced by such receipt is between the plaintiffs and the
express company only. So far as the transportation com-
pany is concerned, it was merely a proposition by plaintiffs
to that company to carry the box on the same terms the
express company had carried it. The transportation com-
pany was at liberty to accept it or to make another and
different contract of carriage. It chose the latter course,
and entered into the contract with plaintiffs contained in
Exhibit A. This contract was made by the express com-
pany as the agent and in behalf of the plaintiffs, and inures
to their benefit, and probably would charge them with lia-
bility under it, were any claimed and proved. The New
York shipping receipt of the express company was offered
in evidence in behalf of defendant, and rejected by the
court. For the reasons above stated it failed to show a
contract between the parties to this action, and hence was
properly rejected.

Objection was made to the admission of certain testi-

mony offered by the plaintiff for the purpose of proving the value and identity of the goods in the box. The testimony was received. So far as the value of the goods is concerned, that was determined by stipulation, and the testimony thereby became immaterial. The identity of the goods was sufficiently established by the other testimony in the case. Hence, if the testimony was improperly admitted it could not have harmed the defendant, and its admission is no ground for a reversal. We find no material error disclosed in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 10 L. R. A. 415.— REP.