## George Parry v. Francis Squair.

1. EVIDENCE—*Prima Facie Case—Rebutter.*—Where the evidence clearly tends to support the case declared upon, and is sufficient to make a *prima facie* case for the plaintiff, the burden is then shifted upon the defendant to exonerate himself from liability.

2. SAME—*Where Conflicting, Province of the Jury.*—Where the evidence in support of and against the theory of a case stated in the declaration is conflicting, it is for the jury to decide upon which side the preponderance and weight of the evidence lies.

3. DAMAGES—*Presumption as to Knowledge of Witnesses.*—Every one is presumed to have some idea of the value of property which is in almost universal use.

4. INSTRUCTIONS—*Error Will Not Always Reverse.*—In case of numerous instructions, and some are refused which are unobjectionable in themselves, it is not reversible error, if those given contain all that is necessary to advise the jury of the legal principles involved.

Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed December 12, 1898.

F. L. SALISBURY, attorney for appellant.

JOHN P. AHRENS, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The declaration here is in case, and alleges that appellant was possessed of a certain warehouse used and operated by him as a warehouseman of personal property for hire; that appellee delivered to him, and he received, as such warehouseman, certain described chattels, to be safely and securely stored by him, as such warehouseman, for a certain time, and then to be safely returned by him to appellee, for a certain reward, which it is alleged was paid to him.

The alleged breach is, that " defendant did not safely and securely store said property, but on the contrary thereof, by the negligence of the said defendant and his servants in that behalf, the said property, while on storage in said warehouse of said defendant, became and was greatly injured

and damaged;" and then follows an averment as to certain of the property becoming wholly destroyed and lost, and not returned at all; and of certain other of the property becoming partially injured and almost wholly lost to the appellee, and returned in a greatly damaged condition.

Appellant urges a variance between the declaration and the proofs. The rule of this court concerning briefs has not been complied with by appellant, and it is not certain that we fully comprehend the force of what he has said upon the question of variance, under his combined heading of "argument and brief."

The evidence tended to show that the contract of warehousing began with the delivery of the property on board of appellant's trucks at the store of appellee, and that from the time of such delivery they were to be kept at appellant's risk; and there was evidence that tended to show the property became injured after it was put into the warehouse. For illustration as to the last, two witnesses, testifying in behalf of appellee, said they saw the marble composing the counters lying in the warehouse in a broken condition, and piled in a negligent and unsafe manner, considering its nature. From such evidence the jury might reasonably infer that the injury occurred in the warehouse. We say this upon the hypothesis assumed in appellant's argument, that the variance consists in a lack of evidence to support the averment of the declaration that the damage occurred while the property was in the warehouse, and that such particular proof was required under the declaration.

It was enough that the evidence tended to show that the property was received by appellant in good condition, that it was damaged while in the warehouse, and that upon demand for its return, it was either not delivered back at all, or was delivered back in a damaged condition. We think the evidence clearly tends to support the case declared upon, and was sufficient to make a *prima facie* case for appellee.

The burden was then shifted upon the appellant to exonerate himself from liability, if he could, by showing any cause that would excuse him. Cumins v. Wood, 44 Ill. 416;

Funkhouser v. Wagner, 62 Ill. 59; Baren v. Cain, 15 Ill. App. 387; Rice v. I. C. R. R. Co., 22 Ill. App. 643.

Where the evidence, in support of and against the theory of a case stated in the declaration, is conflicting, it is for the jury to decide upon which side the preponderance and weight of the evidence lies.

The evidence concerning the terms of the contract, and whether the goods were in good condition when received by appellant, and what their condition was when returned, and where the damage to them occurred, was of the most conflicting kind, and giving to the verdict, as we are bound to do, its appropriate intendments, every fact essential to sustain appellee's right to a recovery was found, upon the facts, in his favor.

The next apparent objection of appellant is that there was no competent evidence heard as to appellee's damage, but the contention is without substantial merit. " Every one is presumed to have some idea of the value of property which is in almost universal use." O. & M. R. R. Co. v. Irvin, 27 Ill. 178; Lundberg v. Mackenheuser, 4 Ill. App. 603; Sinemaker v. Rose, 62 Ill. App. 118.

The stored chattels consisted of a miscellaneous lot of trade fixtures and furniture, such as are usually found in a retail drug store, and the owner thereof, who had long used it in his business, was clearly qualified to testify as to its value. It is only in rare cases, if ever, that the owner and user of personal property is not qualified to testify to its value. Another witness, who was a marble cutter for twenty-one years, testified that he had handled a great many marble counters similar to the one in question, and set up so much of the injured one as was fit for use, and gave his opinion of its market value at the time of its return to appellee.

Another witness, a carpenter and builder for thirty-six years, who set up the fixtures, etc., in the new store of appellee, after their return by appellant, testified as to the relative value of the fixtures, exclusive of the marble, when they were returned, as compared with their value in good condition.

We have no doubt as to the competency of such evidence, in connection with the other evidence that was heard.

That the jury were dispassionate in their conclusion upon the amount of damages appears from the amount of their verdict, which did not much exceed one-half the damage that all of appellee's evidence tended to establish.

Upon the question of whether there was a settlement between the parties of the damage, the jury heard all the evidence upon that question and decided it. We are satisfied with their conclusion in that regard, and will not enter upon the details of the evidence, the jury having been properly instructed upon the law applicable to the question.

The court gave, on behalf of the appellant, seven instructions, which we consider fully covered all the law applicable to appellant's theory of defense, and refused to give eight others asked by him. Most of the instructions, both given and refused, were lengthy, and it would be supererogation for us to discuss them. The instructions that were given covered every substantial question that was involved.

Though in the case of numerous instructions, some that are refused be unobjectionable in themselves, it is not error to refuse them if those that were given laid down all that was necessary to advise the jury of the legal principles involved. Ill. Ag. Co. v. Cranston, 21 Ill. App. 174.

We have considered with careful attention and in minute detail all the evidence, and the law applicable to it, and are not able to say that any substantial error was committed or injustice done. The judgment will therefore be affirmed, and it is so ordered. Affirmed.