HILDEBRAND, Plaintiff in error, vs. CARROLL, Defendant in error.

*March 3 — March 20, 1900.*

*Bailments: Injury to property while in possession of bailee: Evidence: Hearsay: Negligence: Burden of proof.*

1. The issue being whether a horse was foundered while in the possession of defendant as bailee, it was prejudicial error to permit the defendant to testify, against objection. that a person experienced in handling horses, who examined the horse while in defendant's possession, told him that the founder was an old one and to drive the horse home.

2. When a bailment is such that the property is in the exclusive possession of the bailee, away from the bailor, proof that it was returned in a damaged condition, and that the injury was such as does not ordinarily occur without negligence, establishes a *prima facie* case of negligence against the bailee, and puts upon him the burden of showing to the contrary.

ERROR to review a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action to recover damages for injury to a horse. The plaintiff is a livery-stable keeper in the city of Portage. In August, 1898, the defendant hired a team from him to drive to Montello, a distance of about twenty-two miles. He made the trip, and returned the team on the evening of the following day. When returned, one of the horses was foundered. The plaintiff seeks to recover damages for this injury on the ground of defendant's negligence. The jury found for defendant, and to review certain errors occurring on the trial the plaintiff has brought the case to this court by writ of error.

*Daniel H. Grady*, for the plaintiff in error, to the point that it was error to refuse to instruct, upon request, that if the jury found "that the horse in question was delivered to the defendant in good condition, and returned in a damaged state, there is cast upon the defendant the burden of showing that the loss or injury did not occur through his negligence," cited, besides cases cited in the opinion, *Baren v. Cain*, 15 Ill. App. 387; *Burlingame v. Horne*, 30 Ill. App. 330; *Cass v. B. & L. R. Co.* 14 Allen, 448; *Goodfellow's Ex'rs v. Meegan*, 32 Mo. 280; *Taussig v. Schields*, 26 Mo. App. 318; *Beardslee v. Richardson*, 11 Wend. 25; *Scranton v. Baxter*, 4 Sandf. 5; *Fox v. Pruden*, 3 Daly, 187; *Burnell v. N. Y. C. R. Co.* 45 N. Y. 184, 6 Am. Rep. 61; *Schwerin v. McKie*, 51 N. Y. 180, 10 Am. Rep. 581; *Bank of Oswego v. Doyle*, 91 N. Y. 32, 43 Am. Rep. 634; *Ouderkirk v. Cent. Nat. Bank*, 119 N. Y. 263; *Williamson v. N. Y., N. H. & H. R. Co.* 24 Jones & S. 508; *Winteringham v. Hayes*, 3 Misc. (N. Y.), 604; *Nichols v. Balch*, 8 Misc. (N. Y.), 452; *Koch v. Nat. Exp. Co.* 1 Lack. Leg. News, 289; *Clark & Co. v. Spence*, 10 Watts, 335; *Safe D. Co. v. Pollock*, 85 Pa. St. 391, 27 Am. Rep. 660; *Gleason v. Beers*, 59 Vt. 581, 59 Am. Rep.

757; Story, Bailments, §§ 406–411, and cases cited; *Bennett v. O'Brien*, 37 Ill. 250.

For the defendant in error there was a brief by *Fowler & McNamara*, and oral argument by *C. A. Fowler*.

BARDEEN, J.  1. On the trial the defendant was permitted, against plaintiff's objection, to testify that Mr. Goff, who examined the horse at Montello, told him that it was an old founder, and to take the horse and drive it home.  One of the main facts in controversy was whether the horse had become injured while in defendant's possession.  While the evidence regarding the condition of the horse prior to the hiring is vague and unsatisfactory, there is evidence from one witness that he " was in good condition " when delivered to defendant.  The man Goff had had thirty-five or forty years' experience in handling and trading horses, and had been called to examine the horse in question.  To permit the defendant to relate to the jury the conclusion he had come to with relation to the very matter that was at issue was allowing him to establish his defense by hearsay.  The matter was material, and bore directly upon the controversy the jury was to determine.  It requires no argument or citation of authorities to demonstrate the harmful character of such evidence.  Its reception was erroneous and contrary to the rules of evidence.

2. It is also urged as error that the court refused to permit the plaintiff to testify in rebuttal as to certain admissions made by the defendant to him.  Under the circumstances it was plainly a matter of discretion with the trial court.  We perceive no ground for saying that such discretion was abused.

3. The plaintiff submitted the following request to instruct the jury, which was refused: " You are charged that, if you find that the horse in question was delivered to the

Hildebrand vs. Carroll.

defendant in good condition and returned in a damaged state, there is cast upon the defendant the burden of showing that the loss or injury did not occur through his negligence." The court, however, gave the following instruction, which was excepted to: "You are instructed that the burden of proof is on the plaintiff to show not only injury to the horse, but also that the injury resulted from a want of ordinary care on the part of the defendant; that is, it is incumbent to be shown by the testimony — by a preponderance of the evidence — that the horse was injured, and that it resulted from the want of ordinary care on the part of the defendant." The request and the instruction given fairly raised the question frequently referred to in the books as to the "burden of proof" in cases of this kind. The general rule in actions for negligence is that the burden of proof is upon the party asserting it. The rule in this state is carried to the extent of holding that the burden of proving contributory negligence is upon the party asserting it. *Randall v. N. W. Tel. Co.* 54 Wis. 140.

In speaking of the relative duties and obligations of bailors and bailees, some confusion has arisen in the books as to the burden of proof to establish negligence. Technically speaking, that burden always rests upon the plaintiff. But there are certain classes of bailments, when the property is in the exclusive possession of the bailee, and the property is returned damaged, in which it is said the law casts upon the bailee the burden of showing that the loss did not occur through his negligence. The authorities are by no means harmonious on this question. The ancient rule and older decisions are to the effect that the loss or injury raises no presumption of negligence. The more modern decisions hold that the proof of loss or injury establishes a sufficient *prima facie* case against the bailee to put him upon his defense. 3 Am. & Eng. Ency. of Law (2d ed.), 750, and cases. It is not our purpose to review or attempt to reconcile these

decisions. This court, never having passed upon the rule properly applicable to the facts in this case, feels at liberty to adopt one that will fully meet its requirements, and still preserve harmony in the law of negligence. We therefore hold that when the bailment is such that the property is in the exclusive possession of the bailee, away from the bailor, and the property is returned in a damaged condition, and it is shown that the injury is such as does not ordinarily occur without negligence, proof of these facts establishes a *prima facie* case against the bailee to put him on his defense. In other words, when such a showing is made, the plaintiff has made a *prima facie* case under the rule that the burden is on the party asserting negligence; and the law will then presume negligence to have been the cause, and casts upon the defendant the burden of showing the loss did not occur through his negligence, or, if he cannot affirmatively do this, that, at least, he exercised a degree of care sufficient to rebut the presumption of it. Thus it will be seen that, upon proof of the facts mentioned, a *prima facie* case is made, and the law then shifts the burden to the defendant to rebut it. The following authorities may be noted in support of this conclusion: Lawson, Bailments, § 332; Story, Bailments, § 410, note; Jones, Ev. § 184; *Collins v. Bennett,* 46 N. Y. 490; *Arnot v. Branconier,* 14 Mo. App. 431; *Parry v. Squair,* 79 Ill. App. 324; *Cumins v. Wood,* 44 Ill. 416; *Logan v. Mathews,* 6 Pa. St. 417; *Funkhouser v. Wagner,* 62 Ill. 59; *Mills v. Gilbreth,* 47 Me. 320. See *Donlon v. Clark,* 23 Nev. 203; *Ford v. Simmons,* 13 La. Ann. 397; *Boies v. H. & N. H. R. Co.* 37 Conn. 272; *Wiser v. Chesley,* 53 Mo. 547; *Wintering-ham v. Hayes,* 144 N. Y. 1. See *Hill v. Am. S. Co.* 107 Wis. 19. A contrary rule is asserted in some of the states, but the one announced is supported by a more numerous array of authorities, and is deemed the more reasonable.

Under this rule the instruction requested would not have been proper, as it omits any reference to the question of the

bailee's exclusive possession, and also the necessity of a showing by plaintiff that the loss was such as would not ordinarily occur without negligence of the bailee. The instruction given, however, was faulty, as carrying the rule to the other extreme. The burden was imposed upon plaintiff not only to show the injury complained of, but that such injury resulted from the defendant's want of ordinary care. Under these instructions the duty of defendant to explain as to the injury to the horse, if the jury believed that such injury would not have resulted from ordinary use, was not fairly submitted to them, and hence was prejudicial to the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.