## James M. Hudson and Charles Hudson v. Claudia Bradford.

1. AGISTERS—*Returning Cattle in Poor Condition—Burden of Proof —Negligence Presumed.*—Where an agister of cattle receives them in good condition but returns them to the owner in a damaged condition or fails to return them at all, the law will presume negligence on his part in caring for such cattle and puts upon him the burden of showing that he exercised ordinary care and diligence in caring for them.

Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

A. L. PHILLIPS, attorney for appellants.

CLOUD & MOFFETT, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

James M. Hudson, one of the appellants, sued Claudia Bradford, the appellee, and one James Bradford, before a justice of the peace of Ford county to recover $150 claimed to be owing him by them for certain steers and a horse which he pastured for them for hire. He recovered a judgment for $53.29 and costs in the justice's court, and the defendants took the case to the Circuit Court of Ford County by appeal, and there, upon motion of plaintiff, Charles Hudson was joined as a plaintiff, and James Bradford was dismissed out of the case.

By consent of parties a trial was then had in the Circuit Court without a jury, and resulted in a finding and judgment in favor of appellants and against appellee for $8.75, the court apportioning to appellants the costs occasioned by the non-joinder of Charles Hudson as a plaintiff in the justice court, and of the misjoinder of James Bradford as a defendant, and all the costs of appellants' witnesses.

The Circuit Court, by appellee's fifth proposition of law, held that where an agister of cattle receives them in good

condition, and returns them to the owner in a damaged condition, or fails to return one of them at all, the law will presume negligence on his part in caring for the cattle, and put upon him the burden of showing that he exercised ordinary care and diligence in caring for them.

Appellants prosecute this appeal to reverse the judgment of the Circuit Court, urging as grounds therefor, that under the evidence, the judgment is for too small an amount; that the court improperly apportioned some of the costs to appellant; and that the court improperly held appellee's fifth proposition of law applicable to the facts and issues tried in this case.

The evidence shows that appellants received from appellee on April 23, 1899, seventeen young steers, and on May 30th thereafter, one horse, and agreed to keep them in a good pasture, furnish them with good water, and to salt them for seventy-five cents per month for each steer, and $1.25 per month for the horse, to which appellee consented. The stock were healthy and in good condition when received. The horse was returned to appellee on August 21, 1899, and sixteen of the steers on September 15th thereafter, all being in poor condition, the steer not returned having died while in appellants' possession. During the time the steers were in possession of appellants, they contracted a disease known as the "pink eye," and there is evidence tending to show that appellants failed to furnish the stock with good and sufficient pasturage and water, and that they neglected to give the steers such reasonable care and attention as they required while sick with the "pink eye," for which reasons the stock were lessened in value when they were returned, to an amount equal, if not more than the price appellee agreed to pay for their pasturage and care.

Appellants contend, however, and they offered evidence tending to show that they furnished the stock with good and sufficient pasturage and water, but that owing to the steers having taken the "pink eye" (without the fault of appellants) one died and the others did not do well, and

that appellants gave the steers such reasonable attention while they had the "pink eye" as is usual in such cases.

Thus the evidence was conflicting on the vital questions of fact presented and the issues tried, and there being ample evidence supporting the finding of the learned judge who tried this case, we will not disturb it, or, under the evidence, reverse the judgment as being for too small an amount.

The record shows that Charles Hudson was improperly omitted as a party plaintiff when this case was tried in the justice's court; that James Bradford was also there improperly made a party defendant, and that the judgment of the justice of the peace was properly reduced from $53.29 to $8.75, and we are unable to hold that under such circumstances, the Circuit Court improperly apportioned to appellants the costs it required them to pay.

We also understand that where a bailee receives property in good condition, and returns it in a damaged state, or fails to return it at all, it will be presumed that such damages, or failure to return, resulted from the negligence of the bailee, and impose upon him the burden of showing he has exercised care as is reasonably required by the nature of the bailment. Bennett v. O'Brien, 37 Ill. 250; Cumins v. Wood, 44 Ill. 416; Funkhouser v. Wagner, 62 Ill. 59; Parry v. Squair, 79 Ill. App. 324.

The reason why the law imposes this burden of proof upon the bailee in such case being, that when the bailor has delivered his property to the bailee in good condition, and it is damaged while in the latter's possession, or not returned at all, it would be very difficult for the bailor to show in what way the injury or loss occurred, or that it had occurred by the actual negligence of the bailee or his employes, the bailor not being so likely to know what had caused the injury or loss, as would the bailee, in whose possession the property bailed was. Cumins v. Wood, *supra.*

Since it is undisputed that the steers and horse were received by appellants in good, healthy condition, and only sixteen of the steers were returned, and they in a poor and sickly condition, the court properly held appellee's fifth

proposition as being the law applicable to the facts and issues tried.

Being unable to find that the Circuit Court committed the errors which appellants urge as grounds for reversal, its judgment will be affirmed.