30]            JANUARY TERM, 1912.            173

Milwaukee M. & A. G. Works v. C., M. & St. P. R. Co. 148 Wis. 173.

MILWAUKEE MIRROR & ART GLASS WORKS, Respondent, vs.
CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY,
Appellant.

*January 10—January 30, 1912.*

*Railroads: Storage of baggage: Bailment: Gratuitous or for hire?
Liability for loss: Negligence: Evidence: Burden of proof: Ap-
peal: Bill of exceptions: Presumptions in support of judgment.*

1. A railway company accepted from one R., a passenger on an in-
coming train, a sample case for storage in the baggage room,
giving him a claim check therefor. In the room was posted a
schedule of storage charges for "baggage, either inbound or out-
bound, checked or not checked," and R. testified that he stored
the sample case pursuant to the terms thereof. A week later he
sent for it, tendering the claim check and the amount of charges
according to the schedule, but it could not be found. *Held*, that
if the sample case was baggage there was a bailment for hire.
If the company did not intend to avail itself of the right to
charge according to the schedule it should have so informed
R. when he offered the case for storage.
2. Although it did not come from, and was not destined to, a bag-
gage car, a sample case accepted from a passenger for storage
in a baggage room is "baggage" within the meaning of a notice
posted in such room, stating that "storage will be charged on
each piece of baggage, either inbound or outbound, checked or
not checked, remaining at station over twenty-four hours," etc.
3. By accepting without objection a sample case for storage in the
baggage room, a railway company is precluded from claiming
that it should have been checked at the news stand, although
there was a posted notice reading, "Parcels and hand baggage
checked at news stand."
4. Where goods are stored with a common carrier or warehouse-
man and there is a failure to deliver upon proper demand, the
owner need not show specific acts of negligence to make a
*prima facie* case entitling him to recover, the burden being on
the carrier or warehouseman to show that the failure to de-
liver did not result from any negligence on his part.
5. Where a bailee for hire is unable to show how goods were lost,
a presumption of negligence arises sufficient to entitle the
bailor to recover.

6. Upon appeal from a judgment based on a general verdict for plaintiff, where the charge to the jury is not preserved in a bill of exceptions, it will be presumed that controverted issues upon which the right to recover depended were determined in plaintiff's favor by the jury under proper instructions.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Carl Reiman, an employee of plaintiff, was a passenger on the defendant road from Arena to Milwaukee, carrying with him in the passenger coach a sample case belonging to plaintiff which contained patterns and designs used in its business in soliciting orders. The case was twenty-six inches long, seventeen inches wide, five inches high, weighed about forty pounds, and contained, in part, valuable breakable patterns, and was for that reason not checked in the baggage car. When Reiman arrived at the Union Depot in Milwaukee, not knowing whether the case would be needed at plaintiff's place of business before he went out on another trip, he took it to the baggage room, asked to have it stored, and received a claim check. At the time he stored it defendant had posted in the baggage room a notice, the sixth paragraph of which read as follows:

"Storage will be charged on each piece of baggage, either inbound or outbound, checked or not checked, remaining at station over twenty-four hours, as follows: The first twenty-four hours free. The second twenty-four hours, or fraction thereof, twenty-five cents. For each succeeding twenty-four hours or fraction thereof, ten cents."

Reiman was well aware of the contents of this notice, and testified he stored the sample case pursuant to the terms thereof. A week later he sent for it, tendered the claim check and the correct amount of storage charges as per terms of the notice, but it could not be found. This action was brought to recover the value of the sample case and contents. The jury found for the plaintiff, and from a judgment entered on the verdict in its favor the defendant appealed.

For the appellant there was a brief by *C. H. Van Alstine,*
*H. J. Killilea,* and *Rodger M. Trump,* and oral argument by
*Mr. Trump.*

*M. C. Krause,* for the respondent.

VINJE, J.   The defendant claims the bailment was a gra-
tuitous one and, since no gross negligence was shown on its
part, plaintiff was not entitled to recover.   Reliance is placed
upon the case of *Minor v. C. & N. W. R. Co.* 19 Wis. 40, to
sustain this position.   There, a passenger at the end of the
journey handed her valise to the baggageman with the request
that he keep it for her a few hours till she sent for it, and the
court very properly held that the evidence showed beyond all
question a gratuitous bailment.   There was no evidence that
the defendant stored baggage for hire, or that the plaintiff so
understood, or that she expected to pay for the bailment.
Both parties unquestionably understood at the time the re-
quest was made that there would be no charge for the service
rendered.   In the instant case, however, the defendant, by the
posted notice, held itself out as a bailee for hire of baggage
and announced the terms of such bailment.   The plaintiff's
employee knew of such holding out, and delivered the case
to it relying upon the fact that the terms of the bailment were
fixed by the notice.   Under the terms thereof the defendant
had a right to charge, and if it did not intend to avail itself
of such right it was its duty to so inform Reiman at the time
he offered the case for storage.   *Dimmick v. M. & St. P. R.*
*Co.* 18 Wis. 471.   The latter case rules the present one so far
as the effect of the posted notice is concerned, assuming the
sample case in question to be baggage within the meaning of
paragraph 6 thereof.   In the *Dimmick Case* the court held
that a request to keep goods for a short time would be consid-
ered a request to keep them pursuant to the terms of a posted
notice of the defendant even though the plaintiff did not know
of such notice, unless an agreement to store free for the whole

time was made.    That case goes further than it is necessary to go in the present case to hold the bailment one of hire, for here the uncontradicted evidence is that Reiman expected to pay, and did tender, the charges prescribed in the notice.

Defendant further claims that it was not the custom to charge for such storage as was given plaintiff's sample case. But upon this question the evidence is conflicting, Reiman testifying that he had previously paid for similar storage, while defendant's general baggage agent said no charge was ever made for storage of inbound baggage, unless it was checked out again; that is, unless it was actually checked and sent out on a baggage car.    In other words, it was the custom to make no charge for storage unless the baggage actually came in or went out on a baggage car.    Were plaintiff's right to recover dependent upon proving that he had paid for similar storage, we must assume the jury found in its favor upon the question under proper instructions, in the absence from the bill of exceptions of the charge to the jury.    *Casper v. State,* 47 Wis. 535, 2 N. W. 1117.

Was the sample case baggage within the meaning of the notice?    It says, "Storage will be charged on each piece of baggage, either inbound or outbound, checked or not checked, remaining at station over twenty-four hours."    The defendant contends that the notice applies only to baggage coming from, or destined to, a baggage car, and does not apply to baggage in the possession of a passenger at the end of his destination and left for storage till called for, unless it is rechecked and sent to a baggage car.    There is nothing in the notice requiring or even suggesting such a narrow construction.    The words are, "baggage, either inbound or outbound, checked or not checked."    An ordinary person reading the notice would, we think, utterly fail to detect any gratuitous bailment possible under it, much less provided by it, except for the first twenty-four hours.    The language is general, and it is evident

the words of the notice apply as well to baggage that has not been in a baggage car, or is not intended for one, as to that which has or is.    There is no claim that the sample case was not baggage on the ground that it contained patterns and designs and was not such personal effects of a passenger as may be necessary for his journey.   So we must consider it as ordinary baggage.

Defendant also had a notice posted reading, "Parcels and hand baggage checked at news stand opposite ticket office," and it insists that it was Reiman's duty to take the sample case to the news stand and have it checked there.    The time to suggest that duty was when it was tendered for storage at the baggage room, and not after it had been accepted and lost. The fact that the defendant maintained two places for the storage of baggage providing for slightly different rates left it optional with plaintiff to select either one.    This must certainly be held to be so in the absence of any objection by the defendant that the right place was not selected when he tendered the sample case for storage.    By accepting it for storage in the baggage room the defendant is foreclosed from claiming that it should have been taken to the parcel room.

There is no evidence of any gross negligence, and the evidence of ordinary negligence is meager.    However, where goods are stored with a common carrier or warehouseman and there is a failure to deliver upon proper demand, the owner need not show specific acts of negligence to make a *prima facie* case entitling him to recover.    To escape liability the burden is cast upon the defendant to show that the failure to deliver did not result through any negligence on its part.    *Terry v. Southern R. Co.* 81 S. C. 279, 62 S. E. 249, 18 L. R. A. N. S. 295 and note; Van Zile, Bailm. & Carr. (2d ed.) § 204. See, also, *Hildebrand v. Carroll,* 106 Wis. 324, 82 N. W. 145. Defendant was unable to give any explanation of how the loss occurred.    Under such circumstances a presumption of neg-

ligence arises sufficient to entitle plaintiff to recover. *Browning v. Goodrich Transp. Co.* 78 Wis. 391, 47 N. W. 428; *Geo. C. Bagley E. Co. v. Am. Exp. Co.* 63 Minn. 142, 65 N. W. 264.

*By the Court.*—Judgment affirmed.