AFFLERBAUGH, Respondent, vs. GEO. GREDE & BRO., Appellant.

*November 14—December 11, 1923.*

*Bailment: Automobile left to be repainted: Damage by fire: Negligence: Presumption: Evidence: Sufficiency: Ground of negligence first urged on appeal.*

1. Plaintiff having taken his automobile to defendant's establishment to be repainted, and the car having been damaged by a fire which broke out on another automobile stationed near by while such automobile was being repainted, it was sufficient for the plaintiff, under the circumstances of the case, to establish a *prima facie* case to show that an unexplained fire occurred in the building where he left his automobile and that it was damaged thereby. p. 219.

2. Plaintiff is, however, not relieved of the burden of proof; and the requirement that a bailee for hire shall affirmatively overcome the presumption of negligence in the care of the property is complied with when the evidence is produced and no negligence is shown. p. 219.

3. The evidence in this case is *held* insufficient to show that negligence in repainting another automobile resulted in a fire which destroyed plaintiff's car, the cause of the accident being left in conjecture. p. 223.

4. Where the complaint charged negligence on the part of defendant's employees in the use of a blow-torch, but the jury found that the fire was caused by a spark from the electrical apparatus attached to the automobile which first caught fire, and where the evidence that it was not customary to remove the batteries from a car before it is repainted was uncontradicted and the plaintiff did not ask submission of the question of negligence in failing to remove them, such negligence cannot be urged on appeal. p. 223.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

The appeal is from a judgment reversing the judgment of the civil court of Milwaukee county.

On January 20, 1920, the plaintiff, *D. S. Afflerbaugh,* took his Overland automobile to the establishment of the defendant *Geo. Grede & Bro.,* located in the city of Milwaukee, to have it repainted. Several days thereafter a fire broke out on a Cadillac car which was stationed next to the plaintiff's car on the third floor of the establishment, and the plaintiff's car, together with the building and its contents, was damaged. The plaintiff brought an action in the civil court for recovery of the damage to the car, alleging negligence on the part of the defendant in the method used to repaint the Cadillac car, which negligence resulted in the fire and destruction of the plaintiff's automobile. The jury returned a special verdict of five questions and answers, to the effect that the material placed on the automobile for the purpose of removing the paint was ignited by a spark from the electrical apparatus attached to the automobile; that such spark was caused by the act of a workman of the defendant in bringing a metal tool in contact with the metal knobs attached to the door jamb as a part of the electrical apparatus; that such workman failed to exercise ordinary care in making such connection with a metal tool; that such failure to exercise ordinary care on the part of the workman was the proximate cause of the damage to plaintiff's car; and that the plaintiff's damage was $587. Upon the motion of the defendant the court changed the first answer in the special verdict, and held that the evidence was not sufficient to establish that the material placed on the automobile for the purpose of removing the paint was ignited by a spark from the electrical apparatus attached to the automobile, and thereupon the answers to the other

questions, except as to the amount of damages, were stricken from the verdict and judgment entered for the defendant. The plaintiff appealed to the circuit court from the judgment of the civil 'court, and that court reinstated the answers in the special verdict and gave judgment to the plaintiff. From such judgment the defendant appeals to this court.

For the appellant there was a brief by *Friedrich & Hackbarth* of Milwaukee, and oral argument by *Otto G. Hackbarth.*

For the respondent there was a brief by *Brennan & Lucas,* attorneys, and *Martin J. Brennan,* of counsel, all of Milwaukee, and oral argument by *Martin J. Brennan.*

.CROWNHART, J. Under the circumstances of this case it was sufficient, for the plaintiff to establish a *prima facie* case, to show that an unexplained fire occurred in the garage where his car was left for repairs, and the car damaged thereby. *Milwaukee M. & A. G. Works v. C., M. & St. P. R. Co.* 148 Wis. 173, 134 N. W. 379; *Hildebrand v. Carroll,* 106 Wis. 324, 82 N. W. 145. But this rule does not change the burden of proof. *Rost v. Roberts,* 180 Wis. 207, 192 N. W. 38. It amounts to no more than the requirement that the bailee for hire shall affirmatively overcome the presumption of negligence in the care of the property. This presumption is founded in the fact that the evidence is generally in the possession of the bailee and he should be required to produce it. When such evidence is produced and no negligence is shown, the presumption is overcome.

The complaint in this case charges defendant with negligence in the use of a blow-torch by its servants, which caused the fire, and it is further charged that the negligence of the defendant consisted in employing an improper, negligent method of removing paint from the automobiles. The jury, however, found that the fire was caused by a spark from

the electrical apparatus attached to the automobile, and that such spark was caused by the act of defendant's workman in bringing a metal tool in contact with the metal knobs attached to the door jamb as a part of the electrical apparatus. We have searched the evidence with a good deal of care to find if there is any competent evidence to sustain this verdict; to the effect that the workman made an electrical connection by placing his putty knife in contact with the metal knobs.

It appears that the workmen were engaged in painting and cleaning a Cadillac car of the model of 1915. In this work they were using a highly inflammable substance to soften the paint, and were then engaged in removing the paint from the body of the car with putty knives. The batteries of the car had not been removed. Wires from the batteries ran to the left front door jamb and were attached to metal knobs a little distance apart, which made a contact with metal plates on the door, which in turn were connected with wires that ran to a push button at the top of the door and which was used to blow the horn. The door was hinged in front. When the door was open the contact was broken and the metal knobs pushed out a slight distance from the jamb. When the door was closed the metal knobs were pushed back into the jamb and the contact was made with the knobs and the metal plates on the door. The horn would be blown only by pushing the button, unless there should be a short circuit.

On the trial there was an effort made to determine the actual cause of the fire. There were three workmen about the car; one was cleaning the forward part of the car; one was removing the paint from the left side of the car, and the other was doing likewise from the right side of the car. It was established by the three witnesses that there was no lighted match about the car; that there was no blow-torch about the car; and that there was no lighted cigarette or cigar about the car. It was shown that the fire was first

Afflerbaugh v. Geo. Grede & Bro. 182 Wis. 217.

seen and probably originated near the front of the car on the left side and about the foot of the door.

The other causes being eliminated, it was claimed that the fire was started by the workman on that side of the car, while the door was open, bringing his putty knife in contact with the two knobs connecting the wires with the batteries. On this point the workman swore positively that he did not make such connection; that the door was closed, or nearly closed; that he was working toward the back end of the car away from the door, having finished removing the paint from the door. The workman on the opposite side of the car observed the flash of the fire but did not see his fellow-workman in position to make the contact. There was no one else who observed the origin of the fire. It will be observed that the evidence of the only witness who could know, positively denies that the fire originated as claimed, and there is nothing to dispute his testimony save the inference that because the fire happened in that locality the workman must have made the connection. But there are other reasons which support the testimony of the workman. He claims the door was closed, or nearly closed, in which case it would be impossible for him to make the connection as claimed. It was natural that the door would be closed, or nearly closed, because the workman was removing the paint from the outside, and there was no paint to be removed from the inside. There was no occasion whatever for him to have his putty knife in proximity to the metal knobs, and it is impossible to believe that he did so make the connection unless he did it intentionally. That he would do it intentionally is hard to believe because of the danger to his own person from fire that might be occasioned. It is further shown, in support of his testimony, that there might have been a short circuit between the casing of the door and the batteries; that is to say, the insulation may have become worn on the wires, and the bare wires coming in contact

would produce a short circuit, which would heat the wires and might start a fire in that way. Also it was shown that if the contact had been made with the putty knife, as claimed, the horn would have blown, but the horn did not sound.

The plaintiff produced as a witness a Mr. Ball, who was superintendent of Cadillac automobiles and familiar with the type of automobile being painted, who testified as an expert in plaintiff's behalf. He said that a spark could be produced by the metal plugs in the door jamb without touching the horn button, only by taking a metal instrument and connecting the two knobs. Asked if it were possible to get a spark with the door partly closed he answered "No," but he said that if you pressed the horn button and opened and closed the door a spark might be produced. He also testified:

"*Q.* If you touch the two points you have mentioned with the spring with an instrument or metal, would the horn blow? *A.* Yes, sir.

"*Q.* So, no matter how you came in contact with those buttons, either by the door being closed so that the metal of the door touched the buttons or if you touched it with some other metal, the horn would blow in either case? *A.* Yes, sir.

"*Q.* And if the horn don't blow, there was no connection? *A.* There was no connection."

So it would seem from the plaintiff's own evidence that if the workman made the connection with the metal knobs with the putty knife, as claimed, the horn would have blown, and it is the testimony of the three workmen that the horn did not blow. The same witness testified that there were numerous other wires leading from the storage battery to the head-lights, dash-lights, and starting device, and that there might be a short circuit in these various wires if the insulation was worn off. True, it was shown that this car had just been overhauled before going into the paint shop,

but it was not shown by the testimony that the wire apparatus had been examined or repaired.

The evidence in the case impressed the trial court that the cause of the accident was left in conjecture, and in this opinion this court is forced to agree. The learned circuit judge seems to have placed some stress upon the fact that the batteries were not removed from the car before the repairs began, and this point was somewhat stressed during the trial. However, it stands uncontradicted in the evidence that it was not the custom under such circumstances to remove the batteries, and negligence on that point was not submitted to the jury. Plaintiff requested a special verdict and did not ask to have that question submitted. Manifestly, the negligence of the defendant in not removing the batteries cannot be urged at this time.

*By the Court.*—The judgment of the circuit court is reversed, with directions to affirm the judgment of the civil court.