THE OHIO AND MISSISSIPPI RAILROAD COMPANY, Appellant, *v.* EPPERSON W. BROWN, Appellee.

APPEAL FROM MARION.

In a suit against a railroad company, to recover for cattle killed, because the road was not fenced as required by statute, the plaintiff must prove every material allegation in his declaration, and that the injury did not occur at any of the excepted places. And this, although the declaration was defective in averment, by not negativing the exceptions stated in the enacting clause, and was replied to by the general issue.

THE defendant in error, Brown, filed his declaration in the clerk's office of the Circuit Court of Marion county, against the plaintiffs in error, containing one count in usual form, averring that defendants, on the 21st June, 1857, were the proprietors of the Ohio and Mississippi Railroad, which had been open for use from the 14th February, 1855, whereby defendants below were liable for injuries to stock, in case they failed to erect fences, etc., except at places excepted in the statutes. That defendants below, knowing the same, neglected and refused to erect such fences, whereby three mares, one mule and one colt, the property of the plaintiff below, of the value of eight hundred and fifty dollars, lawfully feeding, etc., went from the adjoining land, unto and upon said railroad, at a point where the owners of lands had not fenced, and where they had not agreed to fence the same, and where it became necessary to fence the same, etc., and without the limits of a town, city or village, and where there was no crossing of a public road or highway, and thereby, then and there, said animals were run over and killed by a locomotive.

Damages claimed, $850.

Plea, general issue.

Trial by jury, and verdict for plaintiff for $730.

Motion for new trial overruled, and excepted to. Appeal prayed, etc.

HOMES, HAYNIE & PARRISH, for Appellant.

S. L. BRYAN, for Appellee.

WALKER, J. It is an elementary principle, of universal application, that the *allegata* and *probata* must agree. Any material variance between the allegation and proof, fails to sustain the pleadings, although mere surplusage is disregarded. The defendant in error in this case relied upon the liability imposed by statute for a failure to fence the track of the road, by plaintiff in error. This duty is imposed alone by statute, it not being a common law obligation. When cattle are killed by the company, at a point on the road where they are required by statute to fence, but have failed to do so, the company are liable for the damages sustained by the owner, without reference to the amount of negligence or care exercised by the company. But a person relying upon a recovery, under the statute, to entitle himself to its benefits, must bring himself within its provisions by averment and proof.

It has been held by this court, that the owner, to recover under this statute, must show by averment in his declaration,

that the company were required to fence their track, and had failed to comply with that duty, and must negative the various exceptions in the enacting clause, and that the cattle were not injured at a point on the road within these exceptions. *Chicago, Burlington and Quincy Railroad Company* v. *Carter*, 20 Ill. R. 390. The declaration in this case was not objected to for the want of such averments, and they were traversed by the general issue. To recover under that issue, the plaintiff was required to prove every material allegation contained in his declaration, to entitle himself to a judgment. There was no evidence that the road had been in use for six months previous to the time when these cattle were injured. Nor did it appear that they were not killed at a road-crossing, within a town, city, or village, or more than five miles from a settlement. These things should have been proved, as well as that the road was not fenced, together with any other averment of a non-compliance with the provisions of the statute, also the injury to the cattle, to warrant a verdict in favor of the plaintiff. For aught that appears in this record, the horses may have been killed at any of the excepted places on the road, or the road may not have been open for use six months before the injury was sustained. There was no count in the declaration alleging that the injury was the result of negligence, nor could there have been a recovery on that ground, in its absence, even if the proof had shown such negligence.

We think that the evidence wholly fails to sustain the verdict in this case, and that the court below, for that reason, should have granted a new trial. The judgment must therefore be reversed, and the cause remanded.

*Judgment reversed.*

BREESE, J. The statute, in my judgment, does not require the railroad companies to fence their track, or impose it upon them as a duty. If they do not fence, they are liable for injuries, without any proof of negligence. If it be a duty, it is one of imperfect obligation, which cannot be enforced. The statute affects the evidence only, nothing more.