THE OHIO AND MISSISSIPPI RAILROAD COMPANY, Appellant, *v.* WILLIAM IRVIN, Appellee.

APPEAL FROM RICHLAND.

The law does not require any different words to be used in proving a case against a railroad company, from those used in ordinary cases; it is only requisite that the mind should be convinced of the existence of the necessary facts.

.The presumption is, that the houses compose a village; if an animal is killed beyond the houses, the presumption is, that it is killed beyond the village; if the town extends beyond the houses, the defendant should show the fact.

Every one is supposed to have some idea of the value of such property as is in general use; and it is not necessary to have a drover or butcher to prove the value of a cow.

The plaintiff below sued the defendant for the alleged killing of a cow by the trains of defendant. The cause came before the Circuit Court of Richland county, KITCHELL, Judge, presiding, by appeal from a judgment rendered by a justice of the peace. A verdict was recovered in the Circuit Court for the sum of $20. The plaintiff sought to sustain his action upon the statute requiring railroads to fence the lines of their roads. From the judgment of the Circuit Court the defendant below appeals to this court.

The plaintiff below introduced in proof the following testimony:

*A. Philhour*, being sworn, said: I stood on the platform at the depot; saw the train of the defendant coming in from the east; the cow was standing about one-fourth of a mile from me. I heard the locomotive whistle, and saw the cow knocked off. The road had been in operation six months. The cow was killed by defendant's train of cars at a place where the road should have been fenced. There was no fence there. It was within five miles of a settlement; it was not at a bridge or crossing; don't know whether it was within the limits of a town or not. It was outside of the houses of the town. I knew it was plaintiff's cow.

*J. Stephens* said: The cow belonged. to plaintiff, and was worth twenty dollars.

Errors assigned:

1. There is no proof that the defendant was bound to fence the road, or liable for injuries in the event of not fencing.

2. There is no proof that it was not within the limits of a town, city, or village, that the alleged killing took place, and no proof that it was in any town or county in the State of Illinois.

3. There is no proof of the time when the alleged killing of the cow took place.

4. The proof of value is insufficient and illegal.

5. The court erred in refusing a new trial.

This cause was brought to the Second Grand Division by consent of parties.

WILLIAM HOMES, for Appellant.

A. KITCHELL, for Appellee.

CATON, C. J. This was an action against the railroad company, for killing the plaintiff's cow. The plaintiff relied not upon the negligence of the defendant in running its locomotive, but upon its neglect to build and maintain a fence, as required by the statute, at the place where the cow was killed. The counsel for the appellant insists, that the proof does not show that at the point where the cow was killed, the company was required by law to keep up a fence. In this we think he is entirely mistaken. The law does not require a stereotyped set of words to be used, in order to prove a case against a railroad, any more than in any other case. It is sufficient, if the testimony is such as reasonably to convince the mind of the existence of the necessary facts. It is said that the proof does not show that the cow was not killed in a town or village. The witness says, it was outside of the houses of the town. The presumption is, that the houses compose the village, and if the place where the cow was killed was beyond them, it was beyond the village. If the town extended beyond the houses, the defendant should have shown it. The witness did not say that the cow was not killed at a road-crossing, but he did state, that it was at a point where there should have been a fence, and as that could not have been true had there been a road-crossing there, it is sufficient to convince the judgment of a reasonable man, that there was no road-crossing there. But several witnesses swore to the value of the cow, without stating her color, size, age, breed, or other peculiarities. This was quite consistent with the universal practice of courts, so far as our experience enables us to judge, and it was for the defendant, if it was deemed important, to have inquired as to these particulars. Every one is presumed to have some idea of the value of property which is in almost universal use, and it is not necessary to show that a witness is a drover or a butcher, before he is allowed to give an opinion of the value of a cow. If it were a steam engine, or a diamond ring, it might be different.

We think the proof abundant to sustain the action, and the judgment must be affirmed.

*Judgment affirmed.*