THE OHIO AND MISSISSIPPI RAILROAD COMPANY, Appellant, *v.* WILLIAM H. TAYLOR, Appellee.

### APPEAL FROM RICHLAND.

In an action commenced before a justice of the peace for killing cattle by a railroad company, the plaintiff should negative by proof that there was no public crossing where the killing occurred; and should show that the company was bound to fence at that point.

The proof should show that the injury was done by the road of the company sued.

Any person familiar with the kind of property injured, may prove its value; an expert is not an indispensable witness.

PROCEEDINGS were commenced before a justice of the peace, and taken by appeal to the Circuit Court.

Trial in Circuit Court, and verdict for $40. Motion for a new trial overruled.

The plaintiff below introduced the following testimony:

*Jerry Taylor*, being sworn, said: I sold the colt to plaintiff. It was wounded in August. It was near Pierce's farm—no town, city, or village there. I sold it for $25. I fix the value at $50. There was no fence there. One was necessary to keep off cattle. The road had been running for six months. It was a mile and a quarter to improved farms. I sold the colt for $25 because I needed the money.

Another witness said: I know of the killing of the colt spoken of here. It was in this county, on the 4th of August, on the railroad. It was at the place mentioned by Taylor. I don't know the value. I put it at $40. I have not bought, or sold, or seen any bought or sold of that age. I saw where it was killed.

This case was taken to the Second Grand Division by consent of parties.

Errors assigned:

There is no proof that the defendant was bound to fence, or liable for injuries in the event of not fencing the road.

There is no proof that plaintiff below was the owner or possessor of the colt when killed.

The defendant below is not, by the proof, in any way connected with the killing.

There is no proof that the killing was not at a public crossing.

There is no proof of the time when the colt was killed.

The proof of value of the colt is illegal.

The court erred in overruling the motion for a new trial.

WILLIAM HOMES, for Appellant.

A. KITCHELL, for Appellee.

BREESE, J. The principal question in dispute before the Circuit Court, was, as appears by the testimony in the record, in regard to the value of the animal killed. It is however, alleged as error, that there was no evidence given by the plaintiff, and no proof in the cause, that the place where the injury occurred, was not at a public crossing.

Under the statute, railroads are not required to be fenced at such crossings; therefore, it was incumbent on the plaintiff to negative by proof, there being no pleadings in the case, that there was no public crossing where the injury occurred, but was at a point on the road, the company was required to fence, and this, in conformity to repeated rulings of this court. *O. & M. R. R. Co.* v. *Brown*, 23 Ill. 94; *Galena & Chicago U. R. R. Co.* v. *Sumner*, 24 ib. 631; *Ill. Cent. R. R. Co.* v. *Williams*, ante, 48.

There is also a defect in the proof to connect the defendants below, with the injury. The proof is, the animal was killed on the railroad. What railroad? There may be, for aught the court may know, more railroads in Richland county than the defendant's road. The jury could not know the fact that it was on the defendant's road without proof of it. They could take nothing of this kind for granted. It should have been proved. It is not one of the facts courts and juries are bound judicially to know, but must be proved. As to the proof of the value of the animal, we did not, in the case of the same plaintiffs against Irvin, (*ante*, 178,) consider it objectionable to give in evidence the opinions of persons presumed to be familiar with such kinds of property.

There being no proof in this cause, that the injury complained of, was done at a place where the road was required to be fenced, and no proof that it was on the defendant's road, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*