LOGANSPORT, PEORIA & BURLINGTON R. R. COMPANY

*v.*

ROBERT CALDWELL.

1. RAILROADS—*liability for injury to stock.* In the absence of proof of negligence, a Railroad Company is not liable for the killing of cattle which had strayed on to its track at a common, or public road crossing.

2. The place where the cattle got on to the track, being a fact for the jury, it is error to refuse an instruction to that effect.

3. JUDICIAL NOTICE. This Court can not take judicial notice of the existence of Railroads.

WRIT OF ERROR to the Circuit Court of Iroquois County.

This was an action brought by appellee against appellant for a cow alleged to have been killed on its Railroad. The case was tried before a justice of the peace, and appealed to the Circuit Court, where a trial by jury was had, and a verdict for thirty dollars and costs of suit found for defendant in error, upon which judgment was rendered, and plaintiff in error now prosecutes its writ of error to this court.

Messrs. INGERSOLLS and PUTERBAUGH, for plaintiff in error.

Messrs. BLADES and RAY, for defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action by the appellee against appellants for killing a cow on their Railroad.

The only question presented by the record is, as to the refusal of the court to give the instruction asked by appellants. The court instructs the jury on the part of the defendants, that they must believe, from the evidence, that the cow got on the track of the Railroad at some other place than at a com-

mon or public road crossing, and if they believe the cow got on the track at the crossing, about two hundred yards east of where she was killed, then the law is for defendants.

This instruction is not very clear, but as we understand it, the idea is, that before the jury can find for the plaintiff, the jury must believe the cow got on to the track at some place other than at a public crossing, for if she got on there, the Company was not liable. The proof is, the accident occurred about two miles west of the town of Sheldon, and within five miles of a settlement, consequently, the Company was bound to fence that part of their road, and if there was no fence, the Company would be liable, unless the proof showed the cow got on to the track at the road crossing. This the proof did not show clearly, although there was some evidence tending in that direction. If we have taken a proper view of the instruction asked, it should have been given, for if the cow got on to the track at the crossing, and this was a fact for the jury, the Company was not liable, in the absence of proof of negligence, and negligence was not pretended.

There is a want of proof also, as to the injury being caused by this road. It is no where, in none of the testimony, spoken of or alluded to as the road against which the suit is brought. There may be many Railroads in Iroquois County of none of which can the court take judicial notice. *Ohio & Mississippi Railroad Company* v. *Taylor*, 27 Ill. 207.

On the other point, relative to the transfer and change of name of this road, the evidence is clear, that such change did not take place until after the alleged injury.

For the reasons given, the judgment will be reversed and the cause remanded.

*Judgment reversed.*