## Toledo, Peoria & Warsaw Railway Company

*v.*

## William L. Eastburn.

Evidence—*to support a verdict against a railroad company for injury to stock.* While it is essential, to support a verdict against a railroad company for injury to the cattle of the plaintiff, that the evidence should connect the defendants with the injury complained of, still it is not necessary the fact should be proven beyond a reasonable doubt. A preponderance of the evidence will suffice, and that was considered to exist in this case.

Appeal from the Circuit Court of Iroquois county; the Hon. Charles H. Wood, Judge, presiding.

The opinion contains a sufficient statement of the case.

Messrs. Bryan & Cochran, for the appellants.

Messrs. Blades & Kay, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action on the case, commenced by appellee in the Iroquois circuit court against appellants, to recover for injury to and killing horses and cattle by their engines and trains. On a trial had, the jury found a verdict for plaintiff, and after overruling a motion for a new trial, a judgment was rendered against defendants for $300, the amount of damages found by the jury. The record is brought to this court on appeal and errors are assigned.

It is urged that the evidence fails to connect appellants with the injury to the stock. On examining the evidence contained in the record, we find that plaintiff, in his evidence, states that part of the animals were killed by a train going east, and another part by a train running west. And Doyle testifies that appellants' road is the only one running east and west through the county. This was manifestly evidence, from which the jury might reasonably infer that it was appellants' engines and trains that killed the stock. The trial was had in Iroquois county. The suit was brought in that county, and the declaration avers that the road was in that county, and the stock killed therein. When Doyle speaks of the county, it may be reasonably inferred that it was Iroquois to which he referred. This evidence tended strongly to prove that it was appellants' engines that injured the stock. We are clearly of the opinion that the evidence sustains the verdict.

The cases of the *Ohio & Miss. R. R. Co.* v. *Taylor,* 27 Ill. 207, and *Logansport, Peoria & Burlington R. R. Co.* v. *Caldwell,* 38 Ill. 280, referred to by appellants, hold that it must be proved that the road against which suit is brought committed the injury. That such proof is elementary there can be no doubt, but these cases say nothing in reference to the measure of proof. It would be unprecedented to hold that the fact should be proved beyond a reasonable doubt. A mere preponderance is all that is required, and that appears in this case and sustains the verdict.

We perceive no error in the instructions, and no error appearing in the record of the court below, the judgment is affirmed.

*Judgment affirmed.*