## PETER LUNDBERG

## v.

## CHARLES MACKENHEUSER.

1. EVIDENCE—OPINION AS TO VALUE OF PROPERTY.—In a suit to recover double the value of exempt property taken on execution, a witness, after stating that he knew the horse in question, having seen it often, was

asked his opinion as to its market value, to which he was not allowed to make an answer. If the refusal to allow the witness to answer was because he had not shown special knowledge of the value of horses, the ruling was erroneous; every one is presumed to have some idea of the value of property which is in almost universal use.

2. SECONDARY EVIDENCE OF LOST INSTRUMENTS —The rule applicable to the preliminary proof of the loss of instruments, before secondary evidence of their contents can be given, requires the testimony of the last custodian of such instrument, to the thoroughness of the search made, and the inability to find it.

3. EXEMPTION—HEAD OF FAMILY.—An instruction to the jury regarding exemptions, proceeding upon the hypothesis that the defendant was a married man, and the head of a family, when there was no proof of that fact, is erroneous. Such fact was material, and in the absence of proof to support it, the instruction was improper.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed December 8, 1879, as of May 2, 1879.

Mr. CONSIDER H. WILLETT, for appellant; that the answer of a juror on his *voir dire*, " that he would deal more harshly with an officer if the evidence justified it, because as an officer he should have known the law better than a private citizen," disclosed a prejudice sufficient to support a challenge for a cause, cited C. & A. R. R. Co. v. Alder, 56 Ill. 344; Winnesheik Ins. Co. v. Schneller, 60 Ill. 465; C. & A. R. R. Co. v. Buttolf, 66 Ill. 347; Davis v. Walker, 60 Ill. 452; Lavin v. The People, 69 Ill. 303; Albrecht v. Walker, 73 Ill. 69.

There was not sufficient proof of the loss of the schedule to permit secondary evidence of its contents: Mariner v. Saunders, 5 Gilm. 113.

The party in whose hands the paper was left, should be called to prove its loss: White v. Herrman, 62 Ill. 73; Whitehall v. Smith, 24 Ill. 167; Anderson v. Jacobson, 66 Ill. 522; Ball v. Benjamin, 56 Ill. 105; King v. Worthington, 73 Ill. 161; Hoyt v. Shipherd, 70 Ill. 309; Wilson v. South Park Com'rs, 70 Ill. 46; C. & St. L. R. R. Co. v. Mahoney, 82 Ill. 73; Dowden v. Wilson, 71 Ill. 485; Wing v. Sherrer, 77 Ill. 200; Williams v. Case, 79 Ill. 356; Hazen v. Lundy, 83 Ill. 241.

The witness should have been allowed to testify to the value

of the horse: O. & M. R. R. Co. v. Irwin, 27 Ill. 179; O. & M. R. R. Co. v. Taylor, 27 Ill. 207.

Mr. E. B. Payne, for appellee.

Pleasants, J. Appellee sued appellant, a constable, in trespass under the statute, to recover double the value of a horse taken on execution against him, which he claimed was exempt.

The average of the testimony made it worth about $50, and the verdict was for $100, on which judgment was entered.

Upon the trial the defendant called as a witness the attorney for the plaintiff in the execution, who stated that he knew the horse in question, having seen it often and about the time of the levy, and was then asked his opinion as to its market value, but was not allowed to answer—for what reason does not appear. We infer that the court regarded him as incompetent because he had shown no special knowledge of the value of horses. This was error, as "every one is presumed to have some idea of the value of property which is in almost universal use," and so competent to testify to it. O. & M. R. R. Co. v. Irwin, 27 Ill. 178; same v. Taylor, Ib. 207.

Again, the court admitted secondary evidence of the contents of the schedule claimed to have been tendered by plaintiff to defendant according to the statute, without a sufficient excuse shown for the non-production of the instrument itself. It was proved to have been last seen in the possession of the State's attorney of Cook county, who used it upon a certain trial, and the plaintiff testified that he and his attorney looked among the papers in that case, in the office of the clerk of the Criminal Court, and that said clerk, as also the State's attorney and his assistant, made some search and said they could not find it. This was all the foundation laid for the introduction of secondary evidence, and it was not enough. The rule applicable to the circumstances required the testimony of the last known custodian to the thoroughness of the search and the inability to find it. Marriner v. Saunders, 5 Gilm. 113; Whitehall v. Smith, 24 Ill. 167; Wing v. Sherrer, 77 Id. 203; Williams v. Case, 79 Id. 357.

Lastly, the court instructed the jury for the plaintiff upon the hypothesis that he was a married man and the head of a family, residing with the same, although the record furnished no proof whatever that he was either married or the head of a family. The fact was material, and the instruction, in the absence of proof to support it, was improper. The motion for a new trial ought to have been granted.

For these errors, the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.