Parmelee v. Raymond.

## FRANK PARMELEE
## v.
## DORA RAYMOND.

*Carriers—Action Against for Lost Baggage—Evidence—Value of Articles Lost—Misnomer.*

1. Every one is presumed to know the value of articles in common use and it is not necessary to call a dealer to prove the value of such things.

2. In case of loss of articles of personal wearing apparel, the owner is entitled to recover the value of such things to him, not what the same would have sold for in the market.

3. That a party is known by one name as well as by another is a good replication to a plea of misnomer.

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. EDMUND FURTHMANN, for appellant.

Mr. JOSEPH P. RAFFERTY, for appellee.

WATERMAN, P. J.    This was an action against a carrier to recover for lost baggage; there was no dispute as to the loss of a sachel and contents; the question was as to the nature

and value of the articles contained in the sachel. Some evidence was admitted which ought not to have been, but the plaintiff was clearly entitled to a verdict for some amount and we think that the evidence, properly admitted, fairly warranted the verdict for $150 rendered.

The plaintiff enumerated, so far as she could remember, the articles lost and gave a description of them; in substance she stated that their value was $185.25; she also gave the separate value of some of the things which her sachel contained. It is objected that appellee was not shown to be competent to testify as to the value of the articles lost. They were mostly toilet articles and wearing apparel in common use. Every one is presumed to know the value of articles in common use, and it is not necessary to call a dealer to testify as to the worth of such things. Ohio & Mississippi R. R. Co. v. Irvin, 27 Ill. 178; Lundberg v. Mackenheuser, 4 Ill. App. 603. In the case of loss of personal wearing apparel the owner is entitled to recover its value to him, not what, as second hand or odd pieces, it would have sold for in the market. Any other rule would be most unjust. Fairfax v. N. Y. Central R. R., 73 N. Y. 167; Green v. Boston R. R., 128 Mass. 221.

It is insisted that the action should have been dismissed because it appeared that the plaintiff's name was not Dora Raymond. What appeared was that the plaintiff, a professional and public singer, constantly traveling, is known and professionally goes by the name of Dora Raymond and that she has a husband; it did not appear what her husband's name was. That a party is known by one name as well as another is a good replication to a plea of misnomer. Schoonhoven v. Gott, 20 Ill. 46; Lucas v. Farrington, 21 Ill. 31. A misnomer is at most but ground for an abatement.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*