# W.   liam F. Sinamaker v. Mary Rose.

1. DEMAND   *When Unnecessary.*—No demand is necessary where
goods have be   unlawfully converted.

2. SAME—1   *en Excused.*—Proof of circumstances which show that
a demand wou   have been unavailing (as a refusal by the defendant to
listen to one,   r a statement in advance that he will not deliver), is
sufficient to ex   se a demand.

3. WITNESS –*Competency as to Value of Household Goods.*—The
owner of house hold goods is a competent witness to testify as to their
value.

4. SET-OFF—*Not Allowed in Actions of Trover.*—A set-off can not be
allowed in an action of tort.

Trover.—Appeal from the Superior Court of Cook County; the Hon.
HENRY V. FREEMAN, Judge, presiding.   Heard in this court at the Octo-
ber term, 1895.   Affirmed.   Opinion filed January 22, 1896.

## STATEMENT OF THE CASE.

This was an action of replevin commenced before a justice
of the peace on the 13th day of December, 1894.   The goods
were not taken on the writ, and a judgment in trover was
had before the justice, and appealed by appellant to the
Superior Court, where the case was tried, and resulted in a
verdict in favor of the plaintiff for $200, on which judgment
was entered, and the defendant brings the cause to this court
for review.

On September 6, 1893, appellee bought a bill of house-
hold goods of the appellant, amounting in all to the sum of
$120.20.

On February 19, 1894, she stored the goods purchased,
with others, with appellant, and was to pay $2.50 per month
for the storage thereof.

Appellee paid appellant, all told, the sum of $132.70.

The storage charges amounted to $25.   Appellant, by mis-
take, sold a bedroom set belonging to appellee.

The jury was asked:   "Do you find that the plaintiff was
indebted to the defendant for the storage of the goods in
question at the time this suit was commenced?"

To which it answered, " No."

The defendant asked that the following be given as an instruction to the jury:

"The court instructs the jury that if they believe from the evidence that the plaintiff, on December 13, 1894, owed the defendant for the storage of the goods in question, and the same has never been paid or tendered to the defendant, then the jury should find for the defendant."

The court modified said instruction by inserting after the word " question " the words, " over and above all just credits, deductions and set-offs."

Appellant claims and insists that the giving of this instruction was error of a very grave character, for two reasons:

"First. It did not enunciate a correct rule of law.

Second. Set-off can not be pleaded in an action of trover."

S. G. ABBOTT, attorney for appellant.

C. A. SURINE, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant having failed to inform the jury as to the amount he received for appellee's bedroom set which he had sold, the jury, from their knowledge of the worth of such articles, a knowledge all persons are presumed to have (Ohio & Mississippi Ry. Co. v. Irwin, 27 Ill. 178), may have thought the same to have been worth at least $12.50; or they may have, under the circumstances of the tortious sale, appellee's testimony of what she had paid, and appellant's telling her to go to hell, when, after such sale, she asked him what he had done with her goods, treated such reply as an admission that nothing was due to him.

Appellant did not, upon the trial, object that no proof of demand had been made; it is therefore questionable if any thing more in this regard was necessary after the reply made by appellant.

No demand is necessary where goods have been unlawfully converted. Wells on Replevin, Sec. 351; Hale v. Barrett, 26 Ill. 195.

Proof of circumstances which show that a demand would have been unavailing (as a refusal by the defendant to listen to one, or a statement in advance that he will not deliver), is sufficient to excuse a demand. Wells on Replevin, Sec. 373.

Appellee was competent to testify as to the value of ordinary household goods. Leindberg v. Mackenheuser, 4 Ill. App. 603

It is true that a set-off can not be allowed in an action of tort.

For this reason, although the entire value of the goods may have been only $200, and when appellant pays such value he may be entitled to $12.50 for storage, yet, he having tortiously converted a part of the goods, and refused to surrender any on the writ of replevin, in this action of trover his claim for storage, which may arise when he pays for the goods, can not be set off against the claim in tort made and found against him.

The judgment of the Superior Court is affirmed.