136    APPELLATE COURTS OF ILLINOIS.

VOL. 79.] Metropolitan West Side Elevated R. R. Co. v. Strasburg.

# Metropolitan West Side Elevated R. R. Co. et al. v. Charles J. Strasburg.

1. JUDGMENTS—*Erroneous as to a Part of the Defendants.*—A judgment erroneous as to one of several joint defendants will be reversed as to all.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by befendant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed October 17, 1898.

JOHN A. POST and JOHN B. BRADY, attorneys for plaintiffs in error.

ADDISON L. GARDNER, attorney for West Side Construction Company, plaintiff in error; WILLIAM W. GURLEY of counsel.

F. W. BECKER, attorney for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Defendant in error sued plaintiffs in error in case. The declaration contains four counts, but the case was submitted to the jury on the first count only. It is averred in the first count, in substance, that August 8, 1895, the defendants (plaintiffs in error) were possessed of and operating an elevated railroad in the city of Chicago, consisting of divers railroad tracks on which the cars were propelled by electricity; that plaintiff was a servant of defendants and was by the defendants ordered to go under a certain car which had theretofore been placed by the defendants on one of their tracks to be inspected and cleaned, and it was necessary that the plaintiff, for the purpose of inspecting and cleaning the car, should go under it; that prior thereto, and at all times, the plaintiff exercised due care, etc.; that it was the duty of the defendants not to disturb or move the car while the plaintiff was under it without first giving to plaintiff timely warning, but that the defendants carelessly,

wrongfully, etc., propelled another car at a high, unusual and reckless rate of speed, and with great force, against the car under which the plaintiff was, without any reasonable warning, by reason of which the plaintiff was injured, etc. The defendants pleaded the general issue. The jury found both defendants guilty and assessed the damages at the sum of $11,000. A motion for a new trial was made and overruled on plaintiff remitting $3,000, and judgment was rendered for $8,000. It is contended by plaintiffs in error that the preponderance of the evidence is that the West Side Construction Company did not operate the train which collided with the car under which defendant in error was, jointly with the other plaintiff in error, or at all, and, consequently, that the verdict finding both plaintiffs in error guilty and the judgment rendered on such verdict are erroneous.

After a careful consideration of the evidence, we can not escape the conclusion that it is shown by a clear preponderance of the evidence that, at the time Strasburg was injured, the Metropolitan West Side Elevated Railroad Company had the sole control of the railroad and the operation of trains and cars thereon, and that the West Side Construction Company had not then, nor had it had, for some time previous to the alleged injury, any such control. The verdict, therefore, in finding the latter company guilty, is manifestly against the weight of the evidence, and the judgment is erroneous. The judgment being erroneous as to the West Side Construction Company, must be reversed as to both plaintiffs in error. Street R. R. Co. v. Morrison, 160 Ill. 288, 295.

We think the court should have given the ninth and tenth instructions asked by plaintiffs in error, although, in view of other instructions given, we are not prepared to hold that the refusal of the ninth and tenth instructions is reversible error. Some of the instructions asked had no bearing on the allegations of the first count of the declaration, which was the only count submitted to the jury, and were, therefore, properly refused.

The judgment will be reversed and the cause remanded.