## Chicago City Ry. Co. v. T. W. Jones Furniture Transit Co.

1. WITNESSES—*Competency as to Values.*—Every person is supposed to have some idea of the value of property which is in almost universal use, and the weight to be given to his testimony is a matter for the determination of the jury.

2. APPELLATE COURT PRACTICE—*When the Question of Excessive Damages Can Not Be Raised.*—Where a party fails to include in his motion for a new trial the question of excessive damages as one of the grounds, he can not assign the same for error in the Appellate Court.

Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed December 20, 1900.

P. H. BISHOP, attorney for appellant.

508    APPELLATE COURTS OF ILLINOIS.

VOL. 92.] Chicago City Ry. Co. v. T. W. Jones Furniture Transit Co.

EDWARD H. MORRIS, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The suit was by appellee against appellant, a common carrier, to recover damages to furniture, alleged to have been occasioned by a collision between appellant's street car and the wagons of appellee in which the furniture was being carried.

The suit was tried in the Circuit Court, on appeal by appellant from a judgment of a justice of the peace.

The grounds for reversal relied on by appellant's counsel in his argument are that the verdict is against the weight of the evidence; that incompetent evidence for appellee was admitted on the trial; that erroneous instructions were given for appellee, and that the damages are excessive.

The evidence as to whether the collision occurred wholly by reason of appellant's negligence was conflicting, but we can not say, after carefully reading and considering all the evidence, that the verdict is manifestly against the preponderance of the evidence.

Miller, a witness for appellant, whose property the furniture was and for whom it was being moved by appellee, testified that he thought he was acquainted with the value of furniture of the kind in question in the case; that he had bought a good deal of furniture furnishing his house, but had not sold any. The court, over the objection of appellant's attorney, permitted the witness to testify as to the value of the furniture. On the cross-examination of the witness he testified, in answer to questions put by appellant's attorney, as to the prices paid by him for the several pieces of furniture, which were the same amounts which, on his examination in chief, he had testified the several pieces of furniture were worth. It also appeared from his testimony on cross-examination that the furniture was all new when he bought it; that he had it about a year, and that it was in first-class condition when loaded on the wagons; but that some of it had somewhat deteriorated in value from use; also that a number of pieces of the furni-

ture were practically destroyed by the collision. At the close of the cross-examination of the witness appellant's attorney moved the court to exclude all of his testimony as to values, on the ground that he was not competent to testify, and that the value placed by him on the furniture was not the market value, but the cost price. The court overruled the motion, saying, in substance, that the weight to be given to the testimony was for the jury to decide. As to the competency of the witness, "Every person is supposed to have some idea of the value of property which is in almost universal use." O. & M. Rd. Co. v. Irvin, 27 Ill. 178; Parmalee v. Raymond, 43 Ill. App. 609; Sinamaker v. Rose, 62 Ib. 118; Parry v. Squair, 79 Ib. 324; Maxwell v. Habel, 92 Ill. App. 510.

Even if this were not the law, the objection of incompetency of the witness could not prevail, because he testified that he thought himself acquainted with the values of the several pieces of furniture. Being competent and having testified as to the values, if his testimony was weakened by cross-examination, it was, as the court properly held, for the jury to determine what weight should be given to it, and the overruling of the motion to exclude all of his evidence as to values, was not error.

We have examined the instructions given by appellee's request, and find them substantially correct.

Appellant filed, in support of its motion for a new trial, points in writing, specifying the grounds of the motion. That the damages are excessive is not one of the specified grounds; therefore that ground can not be relied on in this court. R. R. Co. v. McMath, 91 Ill. 104, 111, 112.

It is not even assigned as error that the damages are excessive.

The judgment will be affirmed.