### James Maxwell et al. v. Elizabeth Habel.

1. PRACTICE—*Forcing a Party to Trial Before the Issues are Settled.*
—It is error to compel a defendant to go to trial where there is no replication to a special plea filed by him.

2. SAME—*Refusing to Allow Counsel to State What He Expects to Prove by a Witness.*—When an objection to a question is sustained and there is no statement of counsel as to what it is expected to prove by the witness, it is impossible for a reviewing court to determine whether there was error or not, in sustaining the objection. It necessarily follows that it is error in a trial court to refuse counsel an opportunity to state what he expects to prove by any particular question or series of questions.

3. SAME—*Where the Court is of the Opinion that the Statement is Not Made in Good Faith.*—Where the court is of the opinion that the statement is not made in good faith, or that it is calculated to improperly influence the jury, the jury may be ordered to retire while the statement is being made, or it may be made to the court so as not to be heard by the jury.

4. WITNESSES—*Competency as to the Value of Household Goods.*—Any one familiar with the value of household goods and property in common use may testify as to its value without its being shown that he is an expert on such values.

5. TRESPASS—*Liability of Partners.*—A partner is not liable for the trespass of his copartner with which he is in no way connected.

6. EVIDENCE—*Allegations in Pleadings.*—Where there are several pleas in a case an allegation in one of them can not be taken as evidence of a matter which is denied in another plea.

7. JUDGMENTS—*Erroneous as to One, so as to All.*—If a judgment in tort is erroneous as to one defendant, it is erroneous as to all.

Trespass.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed December 20, 1900.

Statement by the Court.—Appellee brought trespass against appellants for forcibly taking certain household goods and personal property and converting the same to their own use. The appellants all pleaded the general issue and the Maxwells pleaded three separate special pleas, the one numbered second being a plea of justification under execution on justice judgment, another numbered third being also of justification, and alleging that Chase, the con-

Maxwell v. Habel.

stable holding the execution, forcibly entered the dwelling house of the defendant named therein, L. Habel, and seized the property in question, and that it was the property of L. Habel liable to execution, and the last or fourth that the trespass alleged was committed by leave and license of the plaintiff. The appellant Chase also pleaded justification under execution against Habel and leave and license by plaintiff.

The plaintiff replied to the special pleas of all the defendants and added the similiter to the plea of general issue. The Maxwells demurred to the replication to their second and third pleas, which demurrer was sustained and leave given the plaintiff to file new replications to these pleas instanter. She replied to the second plea of the Maxwells but did not reply to the third plea.

The cause was called for trial and counsel for the Maxwells objected to the trial of the cause, for the reason that the cause was not at issue, but his objection was overruled and an exception preserved.

A trial before the court and a jury resulted in a verdict of guilty, with damages of $119, and judgment thereon, from which this appeal is taken.

Ives & Tone, attorneys for appellants.

Paden & Gridley, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the court.

The court erred in forcing appellants to trial against their objection, as there was no replication to the third special plea of justification of the Maxwells. Adams v. Neeley, 15 Ill. 380; Blake v. Miller, 118 Ill. 500; Seavey v. Rogers, 69 Ill. 534.

The cases cited by appellee's counsel on this point do not sustain their contention that going to trial upon the merits without replication to pleas, is not cause for reversal of the judgment. The cases cited are to the effect that a reversal will not be made in such case where the parties go to trial without objection.

During the course of the trial appellants' counsel asked one of their witnesses who had testified he was present when the property in question was taken by the constable, what Mr. Habel, the husband of appellee, said at that time in her presence. An objection to the question was sustained by the court, whereupon counsel for appellants proceeded to state to the court what he expected to prove by the witness, but the court refused to allow him to make such statement. This was error, because we are unable to tell from anything in the record but that the proposed evidence of the witness was both competent and material, and we are unable to perceive how the trial judge could determine that matter any better than we can. It has been repeatedly held by this and the Supreme Court that it is not reversible error for a court to sustain an objection to a question where it can not be determined from the record what was the evidence which was attempted to be elicited by the question, for the reason that the reviewing court was unable to determine the relevancy or the materiality of such evidence to the issues. When an objection to a question is sustained and there is no statement of counsel as to what it is expected to prove by the witness, it is impossible for a reviewing court to tell whether there was error in sustaining the objection or not. It necessarily follows that it is error for the trial judge to refuse counsel an opportunity to state what he expects to prove by any particular question or series of questions. If the court should be of opinion that such statement of counsel is not made in good faith, or that it is calculated to improperly influence the jury, the jury may be ordered to retire while the statement is being made, or it may be made to the court so as not to be heard by the jury.

The witness Schaefer, for the defense, testified that he was familiar with the value of household goods in Chicago, and was asked to state the reasonable market value of the different items of goods in question in this case. An objection was made to his testimony, for the reason that he had not been shown to be an expert, which was sustained.

Any one familiar with the value of household goods and property that is in common use, such as was in question in this case, may testify as to its value without its being shown that he is an expert on such values.    R. R. Co. v. Irvin, 27 Ill. 178; Parmalee v. Raymond, 43 Ill. App. 609; Sinamaker v. Rose, 62 Ill. App. 118; Parry v. Squair, 79 Ill. App. 324.

There is no evidence in the record which connects directly or indirectly, both the appellants, the Maxwells, with the trespass alleged in the declaration, and for that reason the judgment must be reversed.    The only evidence bearing upon the point is that of the plaintiff, who testified that after the appellant Chase had taken her property she went to see Mr. Maxwell and talked with him about it—which Maxwell she does not state—and that Mr. Maxwell went to the telephone and asked Ives whether they were taking away the furniture, and he said "Yes."    Who Ives was, is not shown, nor is any execution in evidence which in any way connects the Maxwells with Chase, the constable.    If it could be said that the testimony of the plaintiff connects one of the Maxwells with the trespass, still it is impossible to tell which one.    If it be said that the Maxwell who talked to the plaintiff was one of the firm of Maxwell Brothers, and that the firm is responsible for the trespasses of either member of the partnership, the answer is that this record fails to show that the appellants, the Maxwells, constituted the firm of Maxwell Brothers, and that a partner is not liable for the trespass of his copartner with which he is in no way connected.    Titcomb v. James, 57 Ill. App. 296–307; Swenson v. Erickson, 90 Id. 358.

It is said in argument, but the record fails to show such was the case, that the trial judge held that the pleas of justification filed by the Maxwells, dispensed with proof of their connection with the trespass in question.    If such was the ruling, it was error: R. R. Co. v. Morrison, 160 Ill. 288, in which it is held that one plea, though inconsistent with or contradictory of another, can not be taken as evidence of a fact which has been denied in such other plea.

It is also said in argument, though not sustained by the

record, that it was contended below that although the judgment as to the Maxwells was erroneous, it was right as to Chase, and therefore that the motion for a new trial should not be sustained. This was error, for the reason that if a judgment in tort is erroneous as to one defendant, it being a unit, it is erroneous as to all. Jansen v. Varnum, 89 Ill. 100; Met. W. S. El. R. R. Co. v. Strasburg, 79 Ill. App. 136; Morrison case, *supra;* Claflin v. Dunne, 129 Ill. 241-87.

Other matters are presented by counsel as a basis for reversal, but we deem it unnecessary, in view of our conclusion, to discuss them.

For the errors above mentioned the judgment is reversed and the cause remanded.