### Jacob A. Hey v. Fred Hawkins.

#### Gen. No. 11,944.

1. REMARKS OF TRIAL COURT—*how objection to, preserved.* In order to preserve for review the question as to the propriety of remarks of the trial judge, it is essential that they be excepted to; mere exceptions taken to them as constituting rulings upon evidence are not sufficient.

2. EXPERT—*when value need not be proved by.* The value of an .article in almost universal use need not be established by expert testimony.

3. MEASURE OF DAMAGES—*for injuries to horse.* The cost of attempting to cure a horse injured through the carelessness of the defendant, as well as its value in the event of having finally to kill such horse as useless, is proper by way of damages.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 1, 1905.

Edward U. Fliehmann, for appellant.

Eddy, Haley & Wetten, for appellee; Charles H. Peg-
ler, of counsel.

Mr. Justice Brown delivered the opinion of the court.

Fred Hawkins, the appellee, owned a horse which while
harnessed to a coal team with two other horses was in-
jured by the carelessness or wilfulness of a servant of the
appellant, who drove a wagon over its front hoof.

The appellee called a veterinary surgeon and had the
horse treated for the injury. About three months after-
ward the appellee brought suit against appellant before a
justice of the peace. The defendant made default and a
judgment was rendered for $125. The defendant afterward
appealed to the Circuit Court, and there on a trial a jury
assessed the plaintiff's damages at $188.50. There was evi-
dence before the jury that the horse was worth $150; that
the appellee had paid $40 for his keep for four months,
during which he was useless, and that at the end of four
months had sold him for $1.50 to a horse killer. The ver-
dict of the jury was, therefore, evidently the sum of the
$150 and the $40, less the amount received from the killer.

A motion for a new trial was made and overruled, and
judgment entered on the verdict, from which judgment the
defendant appealed to this court.

Here he has assigned for error the allowance of improper
and the refusal of proper evidence, the denial of the defend-
ant's motion for a new trial, and that the verdict was con-
trary to the evidence. In his argument he urges only that
improper evidence was admitted and that the court made
improper remarks in the presence of the jury which may
have prejudiced them. There is no assignment of error
covering this last objection, but if there were there would
be nothing to sustain it. There was no exception taken to
the remarks which are complained of, except as they were
rulings on the admission of evidence, which will be consid-
ered separately. Nor was there anything said by the court
that we can see was prejudicial to defendant. The remark

especially objected to was made in a ruling in favor of appellant on the admission of evidence.

As to the admission of improper evidence, two points are made by appellant.

First, that persons not qualifying themselves as experts were allowed to testify to the value of the horse. This position is not well taken. Each one of the witnesses knew something of the value of horses, according to his uncontradicted statements, and the evidence of such a person is competent. Judge Caton in 1862 said: "Every one is presumed to have some idea of the value of property which is in almost universal use, and it is not necessary to show that a witness is a drover or a butcher before he is allowed to give an opinion of the value of a cow." Ohio & Mississippi R. R. Co. v. Irvin, 27 Ill. 178. This language applies as well to a horse as to a cow, and we know of no authority to the contrary, but of many which confirm it. For example: Ohio & Mississippi Ry. Co. v. Taylor, 27 Ill. 207; Lycoming Ins. Co. v. Jackson, 83 Ill. 302; Chicago City Ry. Co. v. T. W. Jones Transit Co., 92 Ill. App. 507.

Appellant's second point is that the jury should not have allowed, in fixing damages, anything beyond the value of the horse. They should not have added the amount paid for his keep during the four months that the appellee was endeavoring to cure him. This objection to the judgment has no better foundation than the other. Anything which appellee paid for the keeping of a horse rendered useless by the fault of the appellant, was a part of the appellee's damages, and unless and until he was reasonably convinced that he could not cure the animal, he was bound to make expenditures for that purpose, if in good faith and prudent judgment he thought that this might diminish the ultimate damages. He could have properly demanded and recovered such expenditures from the appellant as well as the expense of keeping.

Counsel for appellant says that Doctor Baker, a veterinary surgeon, "notified the plaintiff *right after the injury* that the horse was useless and that he ought to shoot him."

If this were the evidence, the case would be different, for the plaintiff was bound to exercise good faith and reasonable discretion in not "making unreasonable expenditures in the hope of mitigating the injury." But the statement must come from a misconception of the testimony of Mr. Hawkins. The fair inference from that testimony is not that Dr. Baker told him "right after the injury" that he might as well kill the horse, but that he treated the horse for four months, tried to cure it for that length of time in the expectation it would get better and then pronounced it incurable, and said to appellee, "You might as well kill him."

Under these circumstances the great weight of authority is that the appellee is entitled as a part of his damages to his reasonable expenditures for the keeping and indeed for the attempted curing of the animal. Travis v. Pierson, 43 Ill. App. 579; Atwood et al. v. Boston Forwarding & Transfer Co., 185 Mass. 557, and cases therein cited; Sedgwick on Damages, 8th edition, section 438.

There is no error in thé record, and the judgment of the Circuit Court is affirmed.

*Affirmed.*