[No. 5433.]
[No. 3091 C. A.]

RIMMER v. WILSON.

1. **Negligence—Evidence—Question for Jury.**

The question of negligence is for the jury, and where the circumstances are such that men of ordinary intelligence may honestly differ as to such question, it must be left to the jury, and it is always a question to be determined by that body when the measure of duty is ordinary and reasonable care.—P. 182.

2. **Master and Servant—Negligence of Servant—Master When Liable.**

Where the servant acts in obedience to an express order of the master, the latter is liable for all the consequences of the servant's acts.—P. 183.

3. **Evidence—Value of Property—Witnesses—Qualifications.**

A witness, who testifies that he had lived in a certain place ten years, that he had bought and sold driving horses and single horses, and had seen them bought and sold in that place, and knew what they were bought and sold for, and that he almost constantly "dickered around horses" there, and knew the usual and fair market value of horses in that vicinity, is competent to testify as to the value of a horse he knows.—P. 183.

4. **Same—Determination of Question—Discretion of Court.**

The sustaining or overruling of objections to testimony as to the value of property which is in almost universal use, when such objections are based on the qualification of the witnesses to answer the question, is largely in the discretion of the trial court.—P. 184.

5. **Appellate Practice—Harmless Error—Admission of Evidence.**

There being competent testimony to show that the value of property is in excess of the amount found by the jury, and no testimony placing it at a less sum, any error in receiving testimony of such value from persons not qualified was harmless.— P. 184.

6. **Bailment—Delivery—Contributory Negligence—Evidence.**

In an action for injuries to a horse caused by negligence of defendant's employee, on an issue of contributory negligence of plaintiff's agent in failing to warn such employee of his omissions or misconduct in handling the animal, the jury have a right to assume from the fact that the lines were handed to the employee that the latter was in absolute control of the horse; and to further assume, from the fact that the employee,

after unhitching the animal from the buggy, spoke to it to "get up" without having a hold of the lines, halter or strap, when it started on a jump, that the agent did not have an opportunity to caution the employee, because not knowing that he would attempt such act.—P. 185.

**7. Appellate Practice—Statement of Court—No Objection or Exception.**

Where no objection was made nor exception saved to a statement made by the court to the jury, such matter will not be reviewed on appeal.—P. 186.

**8. Practice in Civil Actions—Instructions—Applicability.**

In an action for negligence, an instruction as to the things required to be found to authorize recovery, properly omits the element of contributory negligence where no evidence of such fact was admitted.—P. 186.

**9. Appellate Practice—Harmless Error—Instructions.**

Where there is practically no conflict in the testimony, judgment for plaintiff will not be reversed because of the use of the words "fair preponderance" instead of "preponderance" in the court's instruction that plaintiff must prove defendant's negligence.—P. 186.

*Appeal from the County Court of El Paso County. Hon. James A. Orr, Judge.*

Action by R. L. Wilson against Thomas Rimmer. From a judgment for plaintiff in the county court on appeal from a similar judgment in the justice court, defendant appeals.     *Affirmed.*

Mr. J. W. SHEAFOR, for appellant.

Mr. R. L. CHAMBERS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This action was brought by appellee against the appellant in the justice court to recover the value of a horse which plaintiff claimed had lost its life through the negligence of the defendant. The case was tried in the justice court, resulting in a verdict for plaintiff, from which an appeal was taken to the county court, where the case was re-tried, a verdict

rendered in favor of the plaintiff and judgment entered upon this verdict for one hundred and seventy-five dollars.

The defendant was a blacksmith at Colorado Springs, the horse was taken by Catherine McGuire, the sister-in-law of plaintiff, to the shop of defendant for the purpose of having it shod, and defendant instructed his employee, Lalonde, to unhitch the horse and take it into the shop. Lalonde unfastened the harness from the buggy and, without having possession of the lines or in any other manner placing himself in a position to control the horse, clucked at him to move forward. The horse passed out of the thills, ran away, met with an accident and was injured to such an extent that he afterwards died.

Some of the witnesses testified that he walked from the buggy for a short distance, then commenced to trot, and, when some person attempted to stop him, began to run. Others testified that immediately upon being clucked to, the horse started with a jump and ran away.

At the conclusion of plaintiff's testimony, defendant moved the court for a nonsuit, which motion was overruled. The action of the court in overruling the motion is assigned as error. It is contended that the evidence failed to show any negligence on the part of Lalonde, and that whatever negligence there was was the contributory negligence of the plaintiff's agent, Miss McGuire. When Lalonde came from the shop, the custody of the horse was surrendered to him by Miss McGuire and he was in a position to assume absolute control of it. In any event, where there is any proof of the negligence of a defendant, the question is one to be submitted to the jury. Where the circumstances are such that men of ordinary intelligence may honestly differ as to the question of negligence, it must be

left to the jury, and it is always a question to be determined by that body when the measure of duty is ordinary and reasonable care.—*Miller v. U. P. Ry. Co.,* 12 Fed. 600; *City of Denver v. Dunsmore,* 7 Colo. 328; *Colo. Central R. R. Co. v. Martin,* 7 Colo. 592; *Colo. Mid. Ry. Co. v. O'Brien,* 6 Colo. 219.

It is also contended that, inasmuch as the duty of the employee Lalonde was the shoeing of horses, in unhitching this horse he was performing services outside of that duty, and the master was not responsible; but, in this case the master instructed Lalonde to unhitch the horse and take it into the shop. In such cases, where the servant acts in obedience to an express order given by the master, the master is liable for all the consequences of the servant's acts.—*Sagers v. Nuckells,* 3 Colo. App. 95.

The next error discussed by appellant is that the court erred in admitting testimony of certain witnesses as to the value of the horse, contending that the witnesses were not properly qualified. The witness Gallagher said that he had lived in Colorado Springs for ten years; that he had bought and sold horses, driving horses and single horses, and had seen horses bought and sold in that place and knew what they were bought and sold for; knew what he paid, and that he almost constantly "dickered around horses" in Colorado Springs and knew the usual and fair market value of horses in that vicinity; that he knew the horse in question and that it was worth two hundred dollars. Under any rule this witness was properly qualified to testify as to the value of the horse. Some of the other witnesses were not so well qualified, but those who were not, placed the value of the horse at from $175.00 to $200.00 and the jury took the least value that was placed upon it. The defendant offered no proof whatsoever as to the value of this animal.

The sustaining or overruling of objections to testimony of witnesses as to the value of property which is in almost universal use, when such objections are based upon the qualification of the witnesses to answer the question, is a matter largely within the discretion of the trial court.—*Lundberg v. Mackenhauser*, 4 Ill. App. 603; *Ohio & Miss. R. R. Co. v. Irvin*, 27 Ill. 178; *Ohio & Miss. R. R. Co. v. Taylor*, 27 Ill. 207.

There being competent testimony to show that the value of the horse was in excess of the amount found by the jury, and there being no testimony placing the value at a less sum, the defendant could not have been prejudiced by any possible error that the court might have committed in receiving testimony as to such value from those who may not have been thoroughly qualified to answer.

The defendant contends that in rendering the verdict, the jury absolutely ignored the instructions of the court, and that the verdict should have been set aside on account thereof. The third instruction was that if the jury found that the horse was not in the exclusive possession or under the control of the defendant, or that the agent of the plaintiff at the time of the accident was in equal control with the defendant in the charge and custody of the horse in question, they should find in favor of the defendant.

The fourth instruction is to the effect that if the plaintiff through his agent was present and witnessed any acts of negligence or misconduct on the part of defendant's agent in unhitching or handling the horse, it was the duty of the agent of plaintiff to speak to and make known to the defendant any omission on his part, and if the agent witnessed omissions or misconduct on the part of the defendant and did not speak or make known to the defendant such

omissions, if she had an opportunity to speak, the plaintiff was not entitled to recover.

These are the two instructions which it is contended the jury failed to observe.

The witness, Miss McGuire, testified that she handed the lines to the employee when she got out of the buggy and, aside from instructing him as to the character of shoes to be placed on the horse, she gave no further instructions or directions. The jury had a right to believe that the employee was in the absolute control of this horse at the time.

The employee testified that he spoke to the horse to "get up" and that it started on a jump; that he did not have hold of the lines, halter or strap. If the jury believed this testimony it would have had the right to have assumed that Miss McGuire did not have an opportunity to caution the employee in time to prevent the accident, because she had no means of knowing that he would attempt to drive the horse from the thills without having some means of controlling him. Upon the examination of the testimony it seems that so far as these two matters are concerned, the verdict of the jury was justified.

Complaint is made of the following statement made by the court to the jury:

"This is an action brought by R. L. Wilson, the plaintiff, against Thomas Rimmer, the defendant, to recover an amount alleged to be due the plaintiff by the defendant for injuries resulting to a horse, the property of plaintiff, and said injuries resulting from the negligence of the defendant. The defendant resists the claim and demand of the plaintiff, and denies that he is indebted to the plaintiff in any sum whatever and denies that he was in any way negligent in handling the property of the plaintiff."

We fail to see anything in this statement which could mislead the jury; but if there was, the defend-

ant is in no position to urge a reversal because of it. It does not appear that he made any objection to the statement made by the court, or saved any exception to it.

The first instruction to the jury was that in order for the plaintiff to recover in the action he must prove by a preponderance of the evidence in the case: first, that the property of the plaintiff was intrusted to the defendant; second, that while in the care and custody of the defendant the property of the plaintiff was injured from the negligence of the defendant; third, if injury was sustained, the amount of the damage sustained by the plaintiff. It is contended that this instruction was erroneous, because it omits the element of contributory negligence. As we read the record, there was no evidence of contributory negligence upon the part of the plaintiff, and hence that matter could have no proper place in the instruction.

In the sixth instruction the court informed the jury that in order to recover, the plaintiff must establish by a fair preponderance of all the evidence in the case that the defendant was guilty of negligence, etc. The word "fair" was objected to as being a modification of the word "preponderance," and as not warranted by the law.

There was practically no conflict in the testimony in this case and, in the absence of a substantial conflict in the testimony, the judgment should not be reversed solely because the court used the expression "fair preponderance" instead of "preponderance," even though the former expression would require a less degree of proof than the latter, which we do not determine.

Being unable to find any material error in this record, the judgment will be affirmed. *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.