## Vina Fuller, Appellee, v. George B. Kelso, Appellant.

1. NEGLIGENCE—*when no variance between allegations and proof.* In an action for malpractice there is no variance if the charge be that the plaintiff was placed in a bed which contained hot water bottles and hot soap stones and was in consequence burned, the proof showing that the hot water bottles and soap stones were placed in the bed after the plaintiff was put there.

2. APPEALS AND ERRORS—*when rulings upon evidence not subject to review.* In the absence of objections having been made, rulings upon evidence are not preserved for review.

3. APPEALS AND ERRORS—*when final judgment not rendered upon reversal.* If a verdict has been directed for one defendant in an action for personal injuries and obtained as against another defendant, upon cross-errors assigned, even though the directed verdict was erroneous, a final judgment will not be entered on appeal as against the defendant in favor of whom such verdict was rendered, as so to do would be to deny the right of trial by jury.

4. APPEALS AND ERRORS—*when judgment erroneous as to one defendant.* In an action for personal injuries a judgment will not be reversed as to one defendant and affirmed as to another.

5. EVIDENCE—*competency of photographs.* A photograph which shows the injuries sued for is competent.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

DE MANGE, GILLESPIE & DE MANGE, for appellant.

JOHN FULLER and WELTY, STERLING & WHITMORE, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff resided at Clinton, Illinois. She consulted with one Dr. Bogardus concerning ailments with which she was afflicted, and through his advice and direction went to Bloomington and entered a sanitarium conducted by George B. Kelso and Anna E. Kelso, his

wife. Anna E. Kelso maintained an office in the sanitarium at Bloomington, which was also the residence of herself and husband. George B. Kelso conducted an office in the business district of the city of Bloomington. Plaintiff was informed that two operations were necessary, but the one demanding immediate attention was for appendicitis, for which she was prepared and the operation performed. Certain complications were discovered by the physician which required the operation to be continued for something like an hour and a half. After it was finished, plaintiff was found to be in a very serious condition as a result of the operation and the shock to her system caused by the operation. She was given stimulants by injection and removed to her room in the sanitarium, and nurses under the direction of Dr. Tannus, who assisted in the performance of the operation, applied restoratives to the plaintiff for the purpose of bringing about a normal condition; her condition was such that the blood had left the extremities and collected in the vessels of the abdomen, the heart action had stopped and for the purpose of restoring normal circulation it was necessary to apply heat and in the application of heat to the plaintiff for this purpose she was severely burned. This action is brought to recover for these injuries, alleging negligence on the part of the defendant in the performance of his services. The trial court sustained a motion at the close of the evidence and directed a verdict for the defendant Anna E. Kelso; the jury returned a verdict finding the defendant George B. Kelso guilty, fixing the damages at $2,500. Upon motion for a new trial, the court required the plaintiff to enter a *remittitur* of $1,000; thereupon judgment was rendered against the defendant George B. Kelso for $1,500, from which this appeal is prosecuted. Plaintiff has also assigned cross-errors on the record upon the action of the trial court in directing a verdict for the defendant, Anna E. Kelso.

It is first insisted by defendant that there is no proof of the charge of negligence made in the declaration and that under the familiar rule of law that the plaintiff must recover upon the charge of negligence contained in the declaration, if at all, the judgment is erroneous. The negligence charged in the declaration is that after the operation was performed upon plaintiff she was removed to her room in the sanitarium and placed in a bed which contained hot water bottles and hot soapstones, and that plaintiff was placed upon the soapstones and permitted to remain in contact with the stone until she was severely and seriously burned and injured. The defendant insists, however, that because the evidence discloses that at the time the patient was placed in the bed no soapstones or other hot objects were in the bed but after she had been placed in the bed they were then applied to her, that the charge made in the declaration is not sustained. They were applied immediately after she was placed in the bed, plaintiff was unconscious at this time, and the law does not require her to set forth the various steps upon which the charge of negligence is based to any such nicety as is undertaken to be insisted upon by counsel for defendants. The charge of negligence in the declaration was sufficient to sustain the proof made under the evidence in this case.

The defendant does not attempt to deny that plaintiff was burned and received injuries of which she complains by reason of the hot soapstones being placed by the nurses in charge of the patient at his sanitarium immediately after the performance of the operation. The only other defense offered to the action is upon the rulings of the trial court upon the evidence and the giving of instructions to the jury and its failure to direct a verdict on motion of the defendant.

The only serious objection urged to the evidence is that the trial court erred in permitting plaintiff to

show that other accidents of similar character had occurred at this sanitarium. It is sufficient to say in answer to this argument that no objection was made to this character of evidence at the time it was offered and the question is attempted to be raised for the first time in this court; it is too late. Objection is also urged to the action of the court in permitting photographs of the injuries to be submitted to the jury. The evidence discloses that these photographs were correct and truthful representations of the injuries and the only theory upon which error is urged is that the photographs might distort and that by certain manipulations they can be made to distort features and objects. However true this theoretical proposition may be, there is no evidence to sustain such an argument in this case. The evidence discloses that plaintiff was seriously burned and that she was greatly inconvenienced and suffered considerable pain for several weeks by reason of this injury, and we are satisfied that the jury were fully warranted in finding the defendant guilty, and the judgment rendered by the court after a *remittitur* of $1,000 is not excessive.

Criticism is made of instructions given on behalf of plaintiff and of the action of the court in refusing to give certain instructions asked by defendant, but after a careful examination of this record we do not find that they are subject to the criticism made and we are satisfied that they substantially set forth the law applicable to the case and that the jury was fully and properly instructed; the questions which were proper to be given to the jury, embodied in the refused instructions, were fully covered by the instructions given to the jury and there was no error in refusing the instructions asked by the defendant. We find no error in the record prejudicial to the defendant.

Upon the cross errors assigned by plaintiff, the evidence discloses that Anna E. Kelso conducted and

maintained an office at the residence of herself and husband where the sanitarium was conducted, that she treated patients therein and assisted her husband in so doing, and under the evidence in this case it was a question for the jury to determine whether or not she was interested in the management and conduct of the sanitarium where the plaintiff was injured and the question should have been submitted to the jury under proper instructions and it was error for the court to direct a verdict in her favor upon motion. It is insisted by plaintiff upon the cross errors assigned that this court reverse the judgment of the trial court in directing a verdict in favor of the defendant Anna E. Kelso and render a judgment in this court against both defendants. To render such a judgment here would be to deprive the defendant Anna E. Kelso of the right of a trial by jury guaranteed to her. Plaintiff does not ask or seek reversal of the judgment against George B. Kelso, and while the cross error is well assigned, and on proper demand therefor this court would reverse this judgment, we have no power to reverse the judgment as to Anna E. Kelso and to affirm it as to George B. Kelso; plaintiff not seeking a reversal of the judgment as to George B. Kelso, we cannot reverse it as to Anna E. Kelso, the other defendant. Jansen v. Varman, 89 Ill. 100; Chaflin v. Dunne, 129 Ill. 241; Maxwell v. Habel, 92 Ill. App. 510.

The judgment, therefore, is affirmed.

*Affirmed.*